## PIERCE v. HARPER.

(Circuit Court of Appeals, Sixth Circuit.   March 5, 1918.)

No. 3090.

1. BILLS AND NOTES ⬤➡476(1), 493(3)—ACTION ON NOTE—DEFENSES—WANT OF CONSIDERATION.

An answer to an action on a promissory note, which merely avers that no consideration moved to the maker, is not sufficient; but, to constitute a defense, it must also aver that the payee did not thereby suffer a loss or detriment, and the pleading must be supported by proof.

2. BILLS AND NOTES ⬤➡518(1)—VALIDITY—CONSIDERATION.

Defendant purchased an interest in a partnership, giving a note therefor, payable out of the profits of the business. The partner to whom the note was given died, and defendant executed and delivered to his executor two notes for the amount due on his prior note, containing no conditions, one of which was payable to plaintiff, who was a legatee. The executor sent the note to plaintiff by mail, and she accepted it as part of her legacy, having no knowledge of the conditions under which it was given until long after its maturity. The firm became insolvent, and defendant received nothing from its assets. *Held*, that such facts did not sustain the defense that the note was without consideration.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; John M. Killits, Judge.

Action at law by Cora H. Harper against F. C. Pierce. Judgment for plaintiff, and defendant brings error. Affirmed.

Suit by Cora H. Harper against F. C. Pierce upon a promissory note. Defendant Pierce purchased from E. L. Hart an interest in the firm of Hart & Co., of Cleveland, Ohio, and agreed to pay for such interest the sum of $10,000 "out of the profits of the business of Hart & Co." He gave his promissory note for $10,000, payable to E. L. Hart "out of the profits of Hart & Co." The sum of $1,500 was paid upon the note, leaving a balance of principal owing thereon of $8,500. E. L. Hart died, leaving a last will and testament, in which plaintiff's brother, F. W. Hart, was named as executor. The will directed that the estate of the testator should be converted into cash and so distributed. Plaintiff, Cora A. Harper, was entitled to a distributive share of the estate. At the solicitation of the executor, Pierce executed two notes to take the place of the original note belonging to the estate of E. L. Hart. One of the new notes was for $4,500, dated November 1, 1905, and payable to Cora A. Harper one year after its date. This note was in the usual form, and did not recite that it was to be paid "out of the profits of Hart & Co."; but the executor promised to inform Mrs. Harper that it was to be so paid. The executor sent the note to Mrs. Harper, without giving her such information, and without any previous agreement on her part that she would accept the same. However, she did accept it, and had no knowledge or information as to its origin, or of the agreement between Pierce and E. L. Hart for the payment of the original note out of firm profits. After the note was given to Mrs. Harper, the firm of Hart & Co. became insolvent and was dissolved. None of the partners received anything from the sale of the firm's assets. Defendant paid interest to Mrs. Harper for two years, but paid nothing upon the principal of the note. The declaration in this suit was the usual one upon a promissory note. The answer admitted the

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

execution of the note, set forth many of the facts above stated, alleged knowledge on the part of plaintiff at the time of the acceptance of the note of the agreement for its payment out of firm profits, and averred want of consideration. The reply denied such knowledge.

At the trial, the note was offered and received in evidence. Plaintiff testified that she was its owner, that she received it by mail from her brother, the executor, about the time of its execution, and that, until long after its maturity, she did not learn that the note, or any prior note of which it was a renewal, was payable out of the profits of Hart & Co. Defendant admitted "that he was unable to prove that plaintiff was not the original owner of said note, and had no proof of the allegation in defendant's answer that plaintiff accepted and took the note with knowledge that defendant had an agreement with E. L. Hart, or with Frank W. Hart, as executor of the estate of E. L. Hart, that said note was payable only out of the profits of Hart & Co." He offered proof of the other allegations in his answer. The trial court held that the proofs so offered, if received, would not constitute a defense, and directed judgment to be entered in favor of plaintiff for the amount of the note, both principal and interest.

Smith, Taft, Arter & Smith, of Cleveland, Ohio, for plaintiff in error.

Holding, Masten, Duncan & Leckie, of Cleveland, Ohio, for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and SESSIONS, District Judge.

SESSIONS, District Judge (after stating the facts as above). The defense pleaded was that the note was given and obtained without consideration. Hence the burden was upon paintiff to establish by a preponderance of the evidence a valuable consideration for the note. Ginn v. Dolan, 81 Ohio St. 121, 90 N. E. 141, 135 Am. St. Rep. 761, 18 Ann. Cas. 204. Has she sustained that burden?

[1, 2] The note itself, when produced and introduced in evidence, carried with it the presumption that it was given for a valuable consideration. Section 8129, General Code of Ohio. Such consideration may consist either of an advantage or benefit received by the maker, or of a disadvantage or detriment suffered by the payee. An answer to a suit upon a promissory note, which merely avers that no consideration moved to the promisor, is not sufficient, but, to constitute a defense, must also aver that the promisee did not thereby suffer a loss or detriment; and the pleading must be supported by proof. Dalrymple, Adm'r, v. Wyker, Adm'r, 60 Ohio St. 108, 53 N. E. 713. Tested by this rule, the facts which defendant pleaded and offered to prove did not overcome or counterbalance the prima facie case made by plaintiff, and did not constitute a defense to the action. It clearly appears that the conditional or contingent indebtedness of the defendant to the estate of E. L. Hart was partially canceled and discharged by the giving of the note to plaintiff. This in itself constituted, at that time, a valuable consideration moving to defendant. It is a fair inference, also, that plaintiff received and accepted the note in lieu of

cash to which she was entitled from her uncle's estate. If so, she suffered a detriment or loss, which constituted a valuable consideration for the note. In either case she was a bona fide holder for value.

The judgment is affirmed, with costs.