## No. 255

### MARPLE v. STUPCA et al

Ohio Court of Appeals, Cuyahoga County
No. 4052. Feb. 12, 1923

This opinion has not been published except in Abstract.

**EQUITY—(1) Appealibility of case involving mistake in making loan—(2) Rights as between bank and mortgager, where loss occurs through mistake of one of bank's agents.**

VICKERY, P. J.

#### Epitomized Opinion

This is an appeal from a decree of the Court of Common Pleas in foreclosure proceedings. Stupca and his wife owned a lot upon which there was a $1300 mortgage. Desiring to borrow $1300 more they applied to a savings and loan company for a loan of $2600, out of which the first mortgage of $1300 was to be paid off, and another mortgage given to the loan company for $2600. As the loan was granted, one Marinoff, a friend of the Stupcas, went to the bank for the money. A clerk gave him $2600 without deducting the $1300 for the first mortgage, and without canceling it. Marple, an agent of the bank, purchased the first mortgage and waived its priority to the bank in order to rectify his mistake. He thereupon brought a suit to foreclose his mortgage. A cross-petition was filed by the bank. The lower court held against the Stupcas, but upon appeal the judgment was reversed. The Court of Appeals held:

1. That the case was one in equity and therefore appealable.
2. As the Stupcas had a right to rely upon the bank that it would protect them as well as itself in paying out this money, the equities are in their favor and they are entitled to protection against the bank and Marple to the extent of $1,300.

Attorneys—Schwan, for plaintiff; Palda, for defendants.

## No. 256

### WARREN v. CLEVELAND

Ohio Court of Appeals, Cuyahoga County
No. 4524. March 12, 1923

This opinion has not been published except in Abstract.

**ORDINANCES—(1) Conviction of a violation of Ordinance Sec. 2271, without proof of width, traffic and usual rules of the street—(2) Conviction contrary to the evidence.**

LEVINE, J.

#### Epitomized Opinion

Error to Cleveland Municipal Court

Warren was arrested, tried and convicted in the Cleveland Municipal Court for speeding. The affidavit for his arrest charged that he operated his automobile on Superior avenue between 51st and 43d streets at a rate of speed greater than was reasonable or proper having regard for the width, traffic and use of the street, to-wit, 34 miles per hour. A policeman testified for the City that the accused was going 34 miles per hour. The accused and a passenger testified that he was going only 25 miles per hour. No evidence was introduced as to the width of the street, condition of traffic, or the general and usual rules of the road. Upon conviction, defendant prosecuted error claiming that inasmuch as no evidence of the width of the street, or condition of the traffic was introduced, defendant could not be convicted under City Ordinance Sec. 2271, which was modeled after 12603 GC. The accused also contended that the judgment was

contrary to the evidence. In reversing the judgment the court held:

1. Where an ordinance or law provides that no person shall operate a motor vehicle at a rate of speed greater than is reasonable or proper having regard for the width, traffic and the usual rules of the street or highway, it is incumbent upon the state to prove what was the width, traffic, use and usual rules of the street or highway at the time of the alleged violation before a conviction is proper.
2. A conviction upon the testimony of one witness is contrary to the evidence and cannot be sustained when the defendant and one witness deny all the material facts constituting the charge, which testimony is in no way impeached. Sinclair v. State, 1611, Cuyahoga Court of Appeals cited.

Attorneys—Lee Skeel, for City; Day, Isaacs & Corrigan, for Warren.

## No. 257

### MAHER v. COLLECTION CO.

Ohio Court of Appeals, Cuyahoga County
No. 4243. March 5, 1923

This opinion has not been published except in Abstract.

**PROMISSORY NOTE—Purchaser in due course protected—Burden of proving failure of consideration—Possession of note as evidence of ownership—Directed verdict proper.**

VICKERY, J.:

#### Error to Cuyahoga Common Pleas

Suit below was brought by the Collection Co., a Louisiana corporation, to recover on certain promissory notes against Maher, and the court directed a verdict against Maher, their maker, for the amount of the note and interest.

The Appellate Court found from the record, New Orleans banks took the notes as security, and that there was a failure upon the obligation of the Land Company. The notes were then sold by the bank to the Collection Company, who bought them in at public auction, and paid for them. This company then became a holder in due course, and stood in the shoes of the bank. So the situation was one where the notes were turned over in due course, before maturity, for a valuable consideration and were subsequently sold at public auction in accordance with the laws of Louisiana to the Collection Co.

It was submitted in the case that had the bank owned and held these notes, they could have maintained a suit upon them, and the Collection Company, not being a party in the chain of title prior to the receipt of the notes by the bank, could maintain this suit as much as the bank itself.

There was nothing to connect fraud in the inception of these notes against either of these parties, the bank or the Collection Co., and the burden of proving failure of consideration was upon Maher, because it was admitted that originally there was a consideration. This distinguishes the case of Ginn v. Nolan, 81 OS.

Whether the court was right in directing a judgment in favor of plaintiff, depends upon the question whether there was any evidence to show there was a failure of consideration and that plaintiff was not a holder in due course. This we fail to find. The Collection company had possession of the note and claimed to own it, which was not denied, and this was some evidence in its favor, and nothing contradicting this, the court was right in directing a verdict. Judgment affirmed.

Attorneys—Reed, Meals, Orgill & Maschke, for Maher; Thompson, Hine & Flory, for the Collection Co.