## No. 234
### TIPTON v. SCHAEFFER CO.
Ohio Court of Appeals, Montgomery County
No. 509. Feb. 14, 1923
(From Daily Court Reporter, Dayton)

KUNKLE, J.:
Epitomized Opinion
Error to Court of Common Pleas

The Schaeffer Co. brought action in Municipal Court to recover money due it for goods sold and delivered to Tipton. Judgment being given for the Schaeffer Co. in Municipal Court, Tipton prosecuted error to the Court of Common Pleas Court where the judgment was affirmed. Error is now prosecuted in this court. Held by Court of Appeals:

1. The Court of Appeals being in harmony with the conclusion reached in the lower court, the judgment is confirmed. We have considered the case upon its merits, rather than upon the suggestion of counsel for The Schaeffer Co. that the bill of exceptions should be stricken from the files.

Attorneys—Burkhart, Heald & Pickrel, for Tipton; Estabrook, Finn & McKee, for Schaeffer Co.

## No. 235
### BACON v. SLABAUGH
Ohio Court of Appeals, Summit County
No. 644. Dec. 19, 1922
This opinion has not been published except in Abstract.

PROMISSORY NOTE—(1) Verdict must be manifestly against the weight of evidence, to justify reversal on that ground—(2) When lack of consideration is a defense, plaintiff has burden of proving consideration—(3) Lack of clarity of expression in charge, not prejudicial error when taken in connection with the rest of the charge.

FUNK, J.:
Epitomized Opinion
Error to Summit Court of Common Pleas

Bacon brought action on two cognovit notes for $800 each, and judgment was taken upon warrant of attorney on each of the notes for $504. Upon motion of Slabaugh judgment was suspended. Slabaugh claimed that the notes were without consideration, that they were obtained from him by one Hostettle by false representations, and that Bacon knew of these facts. Bacon denied knowledge of these infirmities pertaining to the notes and claimed to be their innocent holder for value in due course. Upon judgment for Slabaugh, Bacon claims that the verdict was manifestly against the weight of evidence, and that the court erred in its charge to the jury. The charge was copied verbatim to a certain point from the charge of the Ohio Supreme court in a similar case, but the final paragraph was somewhat confusing.

1. The Court of Appeals will not disturb a verdict unless it is manifestly against the weight of evidence.

2. When lack of consideration is a defense to an action on a promissory note, the burden of proof rests upon the plaintiff, at every stage of the case.

3. Although one paragraph of a charge when taken alone is confusing, if it properly states the law when taken in connection with the charge as a whole, it is not prejudicial error.

Attorneys—Slabaugh, Young, Seiberling, Huber & Guinther, for Bacon; E. L. Smith, and C. S. McDowell and Stahl & Andree, for Slabaugh.

## No. 236
### WAHL MOVING CO. v. SCOTT, a Minor
Ohio Court of Appeals, Cuyahoga County
No. 4214. February 19, 1923
This opinion has not been published except in Abstract.

AUTOMOBILE—Testimony of youth—Qualification of witnesses to give evidence as to speed of—Questions for jury.
PER CURIAM:
Epitomized Opinion
Error to Cuyahoga Common Pleas

This is a personal injury case in which a boy eight years of age was struck and injured by the auto truck of plaintiff in error, at a street intersection in Cleveland.

The charges of negligence are excessive speed, careless and negligent operation of the truck, and failure to sound a warning. The points of error claimed are to improper admission of testimony and that the verdict and judgment are against the weight of the evidence.

The testimony complained of is that Clark, a boy sixteen years of age at the time of the trial, and thirteen years old at the time of the mishap. He testified as to the speed of the auto. It is urged that, by reason of his youth and inexperience, Clark was not qualified to give testimony as to the speed. This question goes to the weight to be given to his testimony and not to his competency. The admission of the testimony was not error.

While the evidence in the case on the important points is conflicting, the questions turn in the main on the credibility of the witnesses. This was for the jury to determine. We find no error in the record and the judgment is affirmed.

Attorneys—Boyd, Cannon, Brooks & Wickham, for Wahl Co.; Payer, Winch, Minshall & Karch, for Scott.

## No. 237
### CLEVELAND RAILWAY CO. v. McGILL
Ohio Court of Appeals, Cuyahoga County
No. 4168. Jan. 22, 1923
This opinion has not been published except in Abstract.

EXCESSIVE VERDICT—(1) Amount of damages is a question for the jury—(2) Appeals court will not invade province of jury.
VICKERY, J.:
Epitomized Opinion
Error to the Court of Common Pleas

McGill in an action against the Railway Co. obtained a judgment in the sum of $3500. No complaint is made with the manner in which the trial was held, the sole ground of alleged error being that the verdict was excessive. Upon being questioned in the course of the trial counsel for the Railway Co. mentioned $1,000 as being their idea of a suitable verdict. Held by Court of Appeals in affirming judgment of the lower court:

1. The whole question of damages is peculiarly one for the jury who having heard the evidence were better able to properly measure them than a reviewing court. The composite judgment upon which the members of the jury agree as suitable compensation for the injuries of a plaintiff should stand.

2. There being no claim that the alleged excessive verdict indicated passion or prejudice, the court does not consider that it is its province to invade the province of the jury as to the amount of the verdict.

Attorneys—Squires, Sanders & Dempsey, for Railway Co.; Payer, Winch, Minshall & Karch, for McGill.