No. 274

BATES v. McDOWELL

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1312. Decided March 4, 1927

(Judges Shields, Lemert & Houck, 5th Dist., sitting.

923.   PLEADING—Where there is a suit upon a promissory note and a general denial and lack of consideration are set up as a defense, and no reply is filed thereto, if defendant fails to make objection at trial time he cannot avail himself of this fact in a reviewing court.

225.   CHARGE TO JURY—A charge that, where lack of consideration for a promissory note is set up, the burden is on the plaintiff to prove there was consideration, is correct.

First Publication of this Opinion

HOUCK, J.

Wesley C. Bates filed an action in the Franklin Common Pleas against James W. McDowell upon a promissory note for $500. The trial resulted in favor of McDowell and this is a proceeding in error to reverse the lower court.

Two defenses were set forth in McDowell's answer, first a general denial and second, lack of consideration, to which no reply was filed. Counsel for McDowell claim that no error will lie because no reply was filed, and cite Ellen v. Thracker, 16 C.C. (ns.) 469.

The Court of Appeals held:

1.   If no reply is filed to answer of new matter constituting a defense, but the cause is tried without objection as though such allegations had been denied a demand for judgment on the pleadings after each party has introduced his evidence, is too late. Lovell v. Wentworth, 39 OS. 614.

2.   The charge of the lower court, that a promissory note prima facie made with consideration but when lack of consideration is set up the burden is on the plaintiff to prove consideration, is correct.

3.   Where in a suit on a promissory note the defense is that the note was given or obtained without valuable consideration, the plaintiff has the affirmative of the issue and the burden of proof rests upon him, at every stage of the case, to show a consideration for the note, by a preponderance of the whole of the evidence adduced at the trial. Ginn v. Dolan, 81 OS. 121.

Judgment affirmed.

(Shields & Lemert, JJ., concur.)

Attorneys—W. C. Bates for Bates; F. S. Monnett for McDowell; both of Columbus.

---

No. 275

STATE v. DUBAY

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7667.   Decided March 7, 1927

685.   JUSTICE OF THE PEACE—The law contemplates a review of the decision of the Justice of the Peace Court, and a power in the Common Pleas Court to reverse the decision on any ground if it exists, whether a motion for a new trial was filed or not.

First Publication of this Opinion

LEVINE, J.

Christ Dubay was convicted for a violation of the prohibition law before a justice of the peace in the township of Newburg Heights. Error was prosecuted to the Cuyahoga Common Pleas which reversed the judgment of the Justice of the Peace and granted a new trial to Dubay.

The State seeks to reverse this judgment claiming that the Common Pleas Court erred in overruling the motion of the State to dismiss the petition in error filed by Dubay. The ground for the motion to dismiss was that no motion for a new trial had been filed by Dubay after having been found guilty by the justice of the peace. It was claimed that the finding of the court cannot be reviewed on error when the record does not show that there was a motion for a new trial setting forth the reason that such finding or verdict was against the law or evidence.

The Court of Appeals held:—

1.   The sole question presented is whether the prerequisite of the filing of a motion for a new trial is to be held essential in error proceedings to the Common Pleas Court, from a conviction before a justice of the peace.

2.   Section 10360 GC. provides in part that; "The party objecting to the decision must except at the time it is made and shall have ten days from the date of overruling the motion for a new trial, if such motion was made, or from the date on which the - - - decision of the justice - - - is entered to reduce his exceptions to writing - - - etc."

3.   This provision of the statute applies to criminal as well as civil cases. State v. Lagenstroer, 67 OS. 7.

4.   The filing of a motion for a new trial before a justice of the peace is permissible but not essential. Greater liberality must be allowed in error proceedings from the decision of a Justice of the Peace to a reviewing court since the court of a justice of the peace was designed to be an informal court, unrestricted by technical procedure.

5.   The prerequisite of the filing of a motion for a new trial which exists in proceedings in error from the Common Pleas Court to the Court of Appeals is not applicable to error proceedings from the decisions of the Justice of the Peace to the Common Pleas Court; and the Common Pleas may reverse the decision on the ground that same is manifestly against the weight of the evidence, whether a motion for a new trial has been filed or not, before the Justice of the Peace.

Judgment affirmed.

(Sullivan, PJ., concurs.)

Attorneys—Morris Morgenstern for State; Briggs & Briggs for Dubay; all of Cleveland.