No. 723

LUPO et v. REISNER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7603. Decided June 6, 1927.

First Publication of this Opinion.

959. POMISSORY NOTES.—191. Burden of Proof.—1. Burden of proving consideration, when denied in answer, is upon plaintiff and does not shift.

2. Admission of execution and delivery of note makes prima facie case of consideration, and burden is upon defendant to overcome this.

Error to Common Please.

Judgment affirmed.

Handrick & Handrick, Cleveland, for Lupo.

David Perris, Cleveland, for Reisner.

FULL TEXT

VICKERY, J.

This cause comes into this court on a petition in error to the Court of Common Pleas of Cuyahoga County.

In the court below the defendant in error brought this action to recover upon a promissory note which was described and set up in the petition, and to foreclose a mortgage se-

curing said note. The note contained a provision that if payments were not made, then the whole note should become due and payable.

Allegations were made which claimed that the payments had not been made and that the full amount of said note was due and payable, and they asked for a judgment and a foreclosure of the mortgage. I should say that this suit was brought by an endorsee of the note and not by the original holder.

Defendants filed an answer admitting the execution and delivery of the note and mortgage, but denied that the party is a bona fide holder, or for want of knowledge deny that he is a bona fide holder. The defense set up that the note was given to one Max Price to secure a debt that they supposed they owed Max Price, when as a matter of fact they did not owe him, but Max owed them. In other words, they denied that there was any consideration for this note.

At the trial of the action plaintiff produced the note and mortgage and offered them in evidence. They were objected to. Just on what theory I do not know, but after some controversy the court apparently having read the pleading, said that inasmuch as they admitted the execution and delivery of the note in the petition, the burden was upon the defendants. Whereupon the defendants' counsel neglected, declined or refused to put in any evidence, but sought to have the case continued on the ground that he had been in court for three other cases and was not prepared to try this case. He claimed that there had been an agreement whereby this case should go over. The record of the court shows that this was not true, or at least that the Judge seems to have investigated and made the statement in the record that no such agreement was made according to the testimony of Mr. Dustin, the Assignment Clerk, and the case was postponed until the next day, when the defendant, still declining to introduce any evidence, sought further to have the case continued, and the Judge refusing to further continue the case, entered up a judgment for the plaintiff.

Error is prosecuted to this court on two grounds: the first, that the burden of proof was upon the plaintiff, the consideration for the note having been denied; and second, the court abused his discretion in refusing to continue the case.

The first ground of error is not tenable. Under the case of Ginn v. Dolan, 81 OS. 121, the court did hold that the burden of proving consideration when it was denied in the answer, was upon the plaintiff, and that the burden did not shift, but remained upon the plaintiff throughout the trial. We accede to this as being good law, and the law of Ohio today, but it also has been well settled in Ohio and elsewhere that the note itself purports consideration and makes a prima facie case, and in this case the defendant admitted the execution and delivery of the note, and it was actually produced in court by the plaintiff in this action. That made a prima facie case of consideration. Now the burden is upon the defendant to overcome this. He introduced no evidence. Consequently he failed in the burden. Had he produced evidence that there was no consideration, then it would have been incumbent upon the plaintiff to have produced more proof, and the case of Ginn v. Dolan, supra, holds that all this must be done by the plaintiff in the first instance as a part of his case, but it did not hold that the production of the note would not make a prima facie case, but the contrary.

We do not see any error in this record that would warrant us in disturbing the judgment of the court below. We do not think that the action of the court in this case in refusing to continue, was such an abuse of discretion as would warrant a reversal of the case.

There being no ground for reversal, the judgment will be affirmed.

(Sullivan, PJ., concurs in judgment. Levine, J., not sitting.)