## STRALEY v STRALEY

Ohio Appeals 2nd Dist, Fayette Co

No 210. Decided Nov 25, 1933

E. D. Bush, Washington Ct. House, for plaintiff in error.

Troy T. Junk, Washington Ct. House, and Maddox & Maddox, Washington Ct. House, for defendant in error.

## OPINION

By HORNBECK, PJ.

The defendant asserts five grounds of error in her petition, which may be considered under four headings as outlined in the brief of counsel for defendant:

(1). Did the court err in failing to sustain the motion of defendant for a judgment on the pleadings?

(2) Did the court err in the admission and rejection of evidence to the prejudice of defendant?

(3) Did the court err in the general charge to the jury and

(4) Is the verdict not sustained by or against the manifest weight of the evidence?

The court did not err in refusing to enter judgment for defendant on the pleadings. The answer was not an affirmative defense and did not change the burden of proof, which was at all times upon the plaintiff. (Ginn v Dolan, 81 Oh St 121). The issue which was raised by the answer would also have been raised by a general denial. As no reply was necessary no judgment could properly have been entered upon the state of the pleadings when the motion was determined.

The errors complained of in admitting evidence over the objection of defendant and refusing to admit evidence tendered by the defendant are set forth in most general terms, reference being made only to the pages of the record and no specific statement is made to support the claim of the competency and relevancy of the evidence offered and refused nor the incompetency or irrelevancy of the testimony admitted over objection.

Considering the errors claimed in rulings relating to testimony at page 18 of the testimony of plaintiff no error is exemplified because the question to which objection was interposed by counsel for plaintiff was answered by the witness and although the objection was sustained and exceptions noted, there was no motion to strike, nor was the answer stricken. The question to which objection was made was:

"Q. To refresh your recollection don't you remember that Ross Glaze, the cashier,

brought up the matter of the transfer of that stock and that Mr. Crumrine asked if there were any objections and at that meeting he ordered the stock transferred?"

The answer was:

"A. I don't remember a thing about it."

Obviously, the answer could not be prejudicial in any aspect, whether stricken or permitted to remain in the record.

The question propounded to plaintiff to which objection was made and sustained and exceptions noted, at page 19, is as follows:

"Q. Did you ever get the other certificates of stock?"

Mr. Bush, counsel for defendant, made this proffer of proof:

"They were left at the bank."

The tendered answer is indefinite and in view of the subsequent testimony developing the subject matter inquired of, the action of the trial court could not have been prejudicial.

The next error complained of relates to the ruling of the court in admitting certain testimony of a witness, Ross Glaze, on pages 54 to 61 of the record. An examination of the record at the pages suggested discloses clearly that the Court was correct in all of the rulings made; that counsel for defendant although having to reframe his questions in instances, accomplished the result of securing the information from the witnesses which his questions were intended to elicit.

Objection was made to an answer of George Crumrine at page 67, which was sustained and the court ruled the answer out but no objection or exception was taken to the action of the trial court. Respecting the objection to the ruling of the court as to the answer of the witness Flax, page 77, the same observation might be made as was offered respecting the testimony of Ross Glaze.

Respecting the refusal of the court to admit certain testimony of Rella Straley, to which exception is taken, we note that questions on pages 91 and 92 are leading. Upon the refusal to permit answers to be made there is no proffer of proof.

The ruling of the court at page 96, striking out an answer of the witness, shows that there was no objection made nor exception taken. The same is true of the ruling on page 97. The question on page 99, to which objection was made by counsel

for plaintiff and sustained and exceptions noted, discloses no proffer of proof. The question on page 102, which was answered over objection and exceptions, was clearly favorable to the defendant. The rulings of the court on objections of counsel for defendant at pages 109, 114 and 117 were proper. The record at page 98 discloses the following:

BY MR. BUSH:

"Q. Mrs. Straley, I will ask you to state to the jury what effect the coming down there of five people had on you at that particular time in bringing up this subject."

Objection by Mr. Maddox. Objection sustained. Exceptions.

BY MR. BUSH: Offered the following proffer:

"I expect the answer of the witness if permitted to testify that their conduct was such as that it frightened her and made her nervous."

"Q. I will ask you to state whether or not their conduct was such as to frighten and coerce you in doing what you did there that day."

Objection by Mr. Maddox. Objection sustained. Exceptions.

BY MR. BUSH:

"Q. Does your Honor hold you can't show what took place there?"

BY THE COURT: "Yes you can. At this time I am not absolutely certain about the ruling on the first question. The latter questions are not proper, the form is bad."

BY MR. BUSH:

"Q. What, if any, effect did their coming down there, that many, that date have upon you, Mrs. Straley?"

Objection by Mr. Maddox. Objection sustained. Exceptions.

We are of opinion that the question to which the proffer of proof was indicated was proper and should have been permitted to be answered by the witness. Her state of mind was subjective and the most satisfactory way of proving it is to permit the individual affected to state what it was. The circumstances upon which the witness might draw the conclusion that she was frightened were proper and the jury may or may not have given credence to her statement. But that does not preclude the right of the witness under proper query to indicate her

state of mind. This answer also had some weight as a circumstance attending the signing of the note. However, the defense was not duress and the subject matter in the answer was not so directly in point as to be so vital to the issue drawn—failure of consideration of the note—as to require us to say that a refusal to accept the testimony was prejudicial error. What occurred at the time to which the proffered answer relates was fully testified and the jury had the circumstances under which the note was signed clearly before it.

To consider the claimed error in the general charge to the jury, it will be necessary to state some of the facts out of which the controversy in the trial arose.

Plaintiff and defendant's husband were brother and sister. Defendant's husband, in his lifetime, owned ten shares of stock of the Citizens Bank of Jeffersonville, Ohio. He died in 1927, without issue, and the stock passed to his wife, the defendant. The deceased left ten brothers and sisters. Defendant proposed to give one share of the Bank stock to each of her deceased husband's brothers and sisters. This proposal was taken up with some of the relatives and with the plaintiff. It was the claim of the defendant that other members of the family were favorable to accepting the stock and reported that they would do so. It is also her claim that the plaintiff later agreed to accept the stock, but this is denied. Thereafter, the defendant delivered the stock to the Assistant Cashier of the Citizens Bank of Jeffersonville, Ohio, who was defendant's brother. She instructed the cashier that she was making a gift of the stock to the brothers and sisters of her deceased husband and instructed him to have the necessary transfer made. At the meeting of the Board of Directors of the Bank subsequent to the delivery of the stock to the cashier the matter of the transfer was discussed by the directors and it is claimed that the plaintiff was present and agreed to accept the stock and upon such agreement the transfer was ordered made upon the books of the bank. Thereafter, the bank cancelled the old certificates and issued new ones to the brothers and sisters of plaintiff's deceased husband and the share of stock in controversy in this case was transferred to the plaintiff. The bank was taken over for liquidation by the Superintendent of Banks of Ohio in August, 1931, and plaintiff was called upon to meet the liability as stockholder of record of the share of stock under consideration.

Thereafter, some two weeks later, four of defendant's brothers and sisters-in-law called upon defendant at her father's home and requested that she pay the liability on the stock which had been transferred to them. Plaintiff insisted that he had not accepted the stock as a gift and should not be held liable for stockholders liability upon it and urged upon the defendant that the liability upon the stock was hers and that she should pay it. Under these conditions the note sued upon was executed and delivered to plaintiff. Defendant, thereafter requested the return of this and other notes which had been delivered to her other relatives which request was not met and thereafter judgment was taken upon the note in question, as heretofore recited.

It is conceded that the court properly charged the law relating to a gift of the stock and the elements necessary to constitute it and properly, in the first instance, defined the respective rights of the parties if the gift was or was not made. The error complained of is set forth in the further language of the general charge of the court:

"The question as to whether the said E. D. Straley or said Rella Straley was liable for the payment of this assessment or stock liability on the share of stock was discussed between the parties to this action at the time of and immediately preceding the execution and delivery of the note involved in this suit.

"If you find that at that time it was reasonably doubtful whether the said E. D. Straley was liable for the payment of the assessment of stock liability and that he in good faith claimed at that time that he was not so liable; and that he had a fair chance of resisting an action against him for the collection of the assessment of stock liability, on his share of stock, and he agreed to pay this stock liability on this stock if the defendant would execute and deliver to him the note in question and upon his agreement so to do, that is the agreement to pay this disputed liability, the note in question was given, then there would be a valuable consideration for the note in question and the plaintiff would be entitled to recover. If on the other hand the plaintiff at that time did not in good faith believe that he had a well-founded defense to his liability on this share of stock for the assessment or stock liability; or if you fail to find from the evidence that there was a fair chance of his defeating any liability upon this share of stock, that is upon any suit that might be brought, then he would

not be entitled to recover in this action and your verdict should be in favor of the defendant. If the plaintiff at that time did not have in mind to resist payment of this assessment on this share of stock and if at that time it was the plaintiff's intention to pay this liability upon this share of stock because he considered that he alone was liable and that there was no fair chance of success then he cannot recover in this action. In other words it is the forebearance of the plaintiff which constitutes the consideration for this note, if you find that there was a consideration. He must have made this agreement to pay this assessment in good faith, believing that he had a fair chance of defeating this liability upon this stock assessment."

We are of opinion that the trial court properly charged the jury in the foregoing language. Of course, primarily, if the stock was a gift from the defendant to the plaintiff there could be no further consideration for the note sued upon in the instant case. Likewise, if there was no gift no liability attached but in view of the fact that under the circumstances attending the transfer of the stock the plaintiff might in good faith claim that he was not the owner of the stock and therfore not liable for the assessment, his agreement to forego this claim could very properly be said to be a thing of value to the defendant. In the facts of this case we believe that such action by the plaintiff was of value to the defendant. Independent of the conduct of the defendant at the Directors' meeting at the time that the stock was ordered transferred as testified by some of the directors, it is doubtful if there is any evidence from which inference can properly be drawn that he ever agreed to accept the certificate as a gift.

We recognize the law as announced in the cited case of **Shannon v Mortgage Co., 116 Oh St 610.**

"A promise to pay a debt for which the promisor is already legally bound does not constitute a consideration sufficient to support a new contract."

However, this pronouncement is based upon a fixed and definite obligation to pay a debt, whereas in the instant case there arises an uncertainty as between the parties whether or not the plaintiff was unconditionally bound to pay. The subject matter incorporated in the charge gave to the jury the proper measuring stick by which it could determine whether or not

there was a valuable consideration for the note upon which suit was instituted.

The principle upon which it is based is recognized in **13 C.J. 349:**

"The compromise of a doubtful and disputed claim will furnish a good consideration, and while a distinction has been suggested between the compromise of a claim as consideration and forebearance to sue on a claim of a definite amount, the textwriters and courts generally have made no such distinction, but have applied the same rule in both cases. The compromise of a disputed claim may uphold a promise, although the demand was unfounded."

Annotation, City Street Improvement Co. v Pearson, 20 A.L.R., 1326:

"A disputed or doubtful claim is a good consideration for an executory contract or compromise while a claim utterly unfounded is not."

If defendant had not executed and delivered the note sued upon to plaintiff he would have had a claim against the defendant upon the facts appearing in this record for any liability which he would have been compelled to pay because the stock of the bank was in his name. This right was a disputed right and therein lies the basis for the consideration moving from the plaintiff to the defendant. In 5 R.C.L. 880, it is said:

"Any dispute which can be the subject of an action or a suit may be the basis of a compromise, and its settlement will afford a consideration therefor."

And at page 881 is set forth the specific principle which the trial court chose to follow in the general charge in this case:

"A doubtful or disputed claim, sufficient to constitute a good consideration for an executory contract of compromise, has been defined as one honestly and in good faith asserted, arising from a state of facts upon which a cause of action can be predicated. with the reasonable belief on the part of the party asserting it that he has a fair chance of sustaining his claim, and concerning which an honest controversy may arise, although in fact the claim may be wholly unfounded."

Respectable authority is cited to support the text.

In Ohio the charge of the trial court finds support in the cases cited by counsel for plaintiff.

Judy v Louderman, 48 Oh St 562.

McClure v Lorain Cc. Commrs, 4 O.C.C. (N.S.) 445.

In the McClure case, supra, the action was instituted by McClure against the County Commissioners for a balance claimed to be due him on building contracts for the completion of a children's home. The Commissioners plead a set-off, claimed an admitted liability of McClure to them occasioned by damage to a steam heating system while the work incident to completion of the contract was being carried on. To the set-off McClure plead the defense of no consideration, asserting that the injury was in no wise occasioned by him or his employees. The court in discussing the matter, at page 446 of the opinion, says:

"But it is sufficient to say a claim was made by the commissioners that he was so responsible. And if, in settlement of that claim, he agreed with them, as they allege he did agree, it would be a sufficient consideration."

We do not believe that there is any doubt about the principle nor its application to the facts in this case.

We have examined the record testing the claim that the verdict is not sustained by and is manifestly against the weight of the evidence. The record supports the judgment, giving to the testimony of the plaintiff that credence which the court must accord it upon review.

We find no error in this record prejudicial to the defendant. The judgment of the trial court will, therefore, be affirmed.

KUNKLE and BARNES, JJ, concur.