### SHARICK et v SZEFCYK

Ohio Appeals, 9th Dist, Lorain Co

No 689. Decided May 18, 1934

Samuel Herman, Lorain, and Henry G. King, Lorain, for plaintiffs in error.

V. A. McGee, Lorain, for defendant in error.

## OPINION

By FUNK, J.

The court followed the rule laid down in **Ginn v Dolan, 81 Oh St 121,** and instruct-- ed the jury that "the burden of proof rests upon the plaintiffs to prove by a preponder- ance of all the evidence that there was a valid consideration for said notes."

Counsel for plaintiffs claim that §§8129 and 8133, GC, of the negotiable instruments code, make "want of consideration" an af- firmative defense. Said §8129, GC, reads as follows:

"Every negotiable instrument is deemed prima facie to have been issued for a valu- able consideration; and every person whose signature appears thereon to have become a party thereto for value."

And §8133, GC, reads as follows:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course and partial fail- ure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

Counsel for plaintiff further claim that, while the case of Ginn v Dolan was de- cided some seven years after the adoption of the uniform negotiable instruments code, it is obvious that said code was not under consideration by the court, because the code is not mentioned or referred to any place in the report of that case. Some claim is also made that the negotiable in- struments code was not applicable to the Ginn case because the action was based upon a note executed prior to the adop- tion of that code.

We find nothing in the report of that case showing when the note sued upon was executed and delivered.

The only case cited by counsel for plain- tiffs supporting their contention is **Products Co. v Noll, Exr., 30 O.N.P. (N.S.) 305,** in which the judge writing the opinion stated that the Ginn case was based upon a note executed prior to the adoption of the nego- tiable instruments code. We assume that he must have had access to the record or original papers in that case and that the statement is correct.

The court in the Ginn case was con- sidering the question of the burden of proof in a suit on a promissory note, exactly as we have it in the instant case. It is ap- parent that the court in the Ginn case did not base its decision upon the ground that the negotiable instruments code was not applicable because the note was executed and delivered prior to the enactment of the code, or it would have said so, and there would have been some reference to that fact in the opinion; and there would have been no occasion for the court to go into such a detailed discussion, on the burden of proof in a case of that kind, to announce a principle of law to be followed in Ohio regardless of the code, after the code had been in effect so long. As the negotiable instruments code had been in effect over seven years prior to the decision in the Ginn case, we cannot assume that the court did not take cognizance of it.

Moreover, those two sections of the code (§§8129 and 8133 GC) are but the statu- tory enactment of long and well-establish- ed rules of the law merchant in Ohio (29 O. Jur., "Negotiable Instruments," §108, p. 902, and §139, p. 921).

Furthermore, the right of the defendant in a suit on a promissory note to set up want, or failure, of consideration, in whole or in part thereof, as a defense, was not new in Ohio with the adoption of the nego- tiable instruments law, as it was specific- ally provided for by an act of the legis- lature as early as Feb. 24, 1934. That act was repealed by the act establishing the code of civil procedure in 1853, but the right of such defense was provided for by §§92 and 93 of said Civil Code, and which was continued in §§5070 and 5071 of the Re- vised Statutes and carried into the Gen- eral Code in §§11314 and 11315 GC.

48 Oh St 562, Judy v Louderman.

It is thus apparent that the provisions of said §§8129 and 8133 GC of the negotia- ble instruments code added no new rights or remedies that did not already exist in Ohio, and consequently the incorporation of the provisions of those two sections into the negotiable instruments law could have little effect in the establishment of a rule of evidence concerning the burden of proof in an action on a promissory note where the defense is "want of consideration."

The Ginn case makes a clear distinction between "want of consideration"—that is, where there never was any consideration— on the one hand, and "failure of considera- tion" and "payment"—both of which as- sume that there was originally a good con- sideration—on the other hand.

The court points out that, where the de- fense is "want of consideration," the bur- den is upon the plaintiff to show a con- sideration for the note by a preponderance of the whole evidence, but in the latter part of the opinion it is definitely stated that "failure of consideration," or "pay-

ment," are affirmative defenses, as both of these defenses confess a valid consideration but seek to avoid payment for some reason. While this latter part of the opinion is in a way obiter, it was no doubt made to clarify and emphasize the court's position and the syllabus of the case.

An examination of the textbooks and decisions discloses that there have been two lines of decisions since the adoption of the uniform negotiable instruments law in the several states. One holds to the view that the ultimate burden of proving consideration rests upon plaintiff, notwithstanding the prima facie case established by the code in his favor, where the defense is "want of consideration" and the defendant adduces evidence sufficient to counterbalance the prima facie case made by the execution and delivery of the note. The other holds to the view that the ultimate burden of proof is upon defendant to prove "want of consideration," and makes no distinction between "want of consideration" and "failure of consideration." Each view is supported by the courts of last resort in a number of states.

35 A.L.R. 1376, et seq.

65 A.L.R. 906, et seq.

The Ginn case is generally recognized as placing Ohio in the former class.

Counsel for plaintiffs also cite the first syllabus of the opinion by Judge Vickery in the case of **Fiedler v Bigelow, 25 Oh Ap 456,** decided in November, 1926, (5 Abs 803) as supporting their contention.

A reading of this opinion discloses that it does not support that view, but rather the view established in the Ginn v Dolan case, as is apparent from this paragraph at the bottom of page 458 of the opinion:

"It must be remembered that in the suit between the parties either a want of consideration or a failure of consideration would be a good defense, if properly pleaded, and whether it was want of consideration or failure of consideration could only affect the burden of proof."

Moreover, in the case of **Lupo v Reisner, 5 Abs 650,** decided in June, 1927, this same Judge Vickery, in writing the opinion in that case, referred to the Ginn v Dolan case "as being good law and the law of Ohio today." Also, in the case of **Maher v Collection Co., 1 Abs 297,** decided in 1923, said Judge Vickery, in writing that opinion, recognized the Ginn v Dolan case as the law of Ohio.

The other decisions in Ohio that follow and recognize the rule announced in **Ginn v Dolan, 81 Oh St 121,** in cases where the action was based upon a promissory note, are:

**Woodbury v Bollmeyer, 20 C.C. (N.S.) 113, 41 O.C.C. 157,** decided in 1912, opinion by Kinkade, J.

**Bear v Bear, 29 Oh Ap 272, 6 Abs 106,** decided in 1928, opinion by Richards, J.

**Bacon v Slabaugh, 1 Abs 281,** decided in 1922, opinion by Funk, J.

**Bates v McDowell, 5 Abs 246,** decided in 1927, opinion by Houck, J.

**Straley v Straley, 15 Abs 605,** decided in 1933, opinion by Hornbeck, J.

**Baker v Hall, 20 O. Dec. 445, 9 N.P. (N.S.) 396.**

The cases in which Ginn v Dolan is cited and followed and where a promissory note was not involved, are:

**Dykeman v Johnson, 83 Oh St 126,** at p. 134.

**Montanari v Haworth, 108 Oh St 8,** at p. 12.

**Industrial Comm. v Sultan, 7 Abs 37,** decided in 1928, opinion by Farr, J.

**Walters v Smith, 7 Abs 499,** decided in 1929, opinion by Funk, J.

**Heckler v Transfer Co., 17 N.P. (N.S.) 294,** at p. 297, 25 O. Dec. 171, at p. 175.

**Heimlich v Printing Co., 17 N.P. (N.S.) 161,** at p. 168, 25 O. Dec. 182, at p. 190.

**Butler v Savin, 24 N.P. (N.S.) 443,** at p. 447.

The rule established in Ginn v Dolan is also cited and recognized as the law in Ohio by the U. S. Circuit Court of Appeals in:

**Pierce v Harper, 249 Fed. 867.**

**Bloch v East Mich. Screw Corp., 281 Fed. 777.**

**Wentz v Scott, 10 Fed. (2d) 426.**

It is thus apparent that the rule announced in Ginn v Dolan as to the burden of proof, where the defense is want of consideration, is recognized as the law in Ohio. Unless and until it is changed by the Supreme Court of Ohio, we not only feel duty bound to follow it, but also think it is the better rule. We therefore find no error in the charge.

Another complaint is that the verdict is against the manifest weight of the evidence.

The jury having found for the defendant, must have found that there was no consideration for said notes. From our reading of the record we cannot say that the verdict is against the manifest weight of the evidence.

There are other claimed errors concerning the admission and rejection of evidence, the failure of the court to strike out the second defense, which set up want of consideration, and the failure of the court

to direct a verdict for plaintiffs at the close of defendant's evidence.

We have examined all of these claimed errors, and find no reversible error in any of them.

Finding no error in the record prejudicial to plaintiffs, the judgment is affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.