Murray R. JONES, Appellant,

v.

ALVIN STATE BANK, Appellee.

No. 3479.

Court of Civil Appeals of Texas.

Eastland.

Jan. 8, 1960.

Charles E. Heidingsfelder, Jr., Houston, for appellant.

Cleveland Davis, Enlow, Kee & Thomas, Angleton, for appellee.

WALTER, Justice.

Alvin State Bank filed suit against Murray R. Jones on four promissory notes for $13,712.50 each. Jones filed exceptions and pleaded failure of consideration. In a nonjury trial, judgment was entered for the bank and Jones has appealed, contending the court committed "fundamental error" in overruling his exceptions.

No findings of fact or conclusions of law were requested or filed by the trial court. It is elementary when the appellant contests the trial court's judgment without requesting findings of fact or conclusions of law, we must assume the trial court's findings support its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law. City of Abilene v. Meeks, Tex.Civ.App., 311 S.W.2d 654 (Writ Ref.).

The appellant's testimony reveals he was in need of some money to pay his drafts at the appellee bank and contacted Duwood Harper, Guy S. Myrick, George E. Stanton and Clyde Herring and requested them to assist him. On March 22, 1952, he executed to each of said individuals his personal note for $13,712.50 due and payable on demand, or six months after date. Said four notes were assigned and transferred to appellee bank on October 23, 1952, which was more than six months after they were executed. Appellant was asked this question "* * * you delivered these notes to these men with which to pay a sum of money you owed the Alvin State Bank at about this time, did you not, sir?" to which he answered "My intention was to borrow that money from those men to do that." He further testified, in effect that these four men executed their personal notes to the Alvin State Bank in a sum equal to the amount of these individual notes and that this was done at his request. He further testified

that he executed the notes sued on in good faith but had not paid them and assumed that the other individuals executed their notes to the bank in good faith also. The notes were introduced in evidence without objection.

Appellant excepted to the words "for value received" in paragraph 2 of appellee's petition because said allegation was an opinion and conclusion of the pleader and there was no allegation of "the value of the consideration". A true copy of the Myrick note was set out in full in said paragraph 2, to which no exception was made. Similar pleadings in other paragraphs of the bank's petition were made on the Harper, Stanton, and Herring notes and similar exceptions were made thereto by the appellant.

The evidence shows conclusively that the notes sued on were transferred to the bank after their due date and the bank was not a "holder in due course". Section 52 of Article 5935, Revised Civil Statutes. Appellant pleaded failure of consideration, as provided for under subdivision (j) of Rule 93, Texas Rules of Civil Procedure. Appellant in his brief sets out in full Section 28 of Article 5933 of the Revised Civil Statutes which provides, among other things, "absence or failure of consideration is a matter of defense as against any person not a holder in due course;" The appellant urged the defense of want of consideration. "Consideration for a promissory note may consist either of an advantage received by the maker or of a disadvantage suffered by the payee." Brannan's Negotiable Instruments Law, 4th Edition, pg. 217; Pierce v. Harper, 6 Cir., 249 F. 867. "The benefit accruing to one of the parties in one instrument may be the consideration for the promise of such party in another instrument." Skinner v. Skinner, 126 Kan. 601, 270 P. 594, 596. "A valuable consideration may be either a benefit to the promisor or a detriment to the promisee,—or, stated in another way, it may consist of some right, interest, profit

**126**

or benefit accruing to one party, or some forbearance, loss of responsibility given, suffered or undertaken by the other." 10 Tex.Jur. 122.

The appellant was permitted to introduce evidence of failure of consideration but it was also established that an advantage was received by him as a result of executing the notes in question. We therefore hold that the court did not abuse his discretion in overruling his exceptions. "Moreover, a large measure of discretion is lodged in the trial court in passing on the exceptions to the pleadings, as well as to the time that he hears the same, and, in the absence of a showing of abuse of discretion or injury resulting from the ruling of the trial court, the ruling will not be disturbed." Southern Underwriters v. Hodges, Tex.Civ. App., 141 S.W.2d 707, 711 (Writ Ref.).

We have examined all of appellant's points, find no merit in them and they are overruled.

Judgment affirmed.