Mrs. Ray B. BISHOP et al., Appellants,

v.

COMMONWEALTH COUNTY MUTUAL IN-SURANCE COMPANY, Appellee.

No. 4202.

Court of Civil Appeals of Texas.

Eastland.

Feb. 9, 1968.

Rehearing Denied March 1, 1968.

Frank Scarborough, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellants.

J. Neil Daniel, Eplen & Daniel, Abilene, for appellee.

WALTER, Justice.

Ray B. Bishop's widow and surviving children filed suit against Commonwealth County Mutual Insurance Company on a policy of insurance seeking a judgment for the value of Mr. Bishop's car. Mr. Bishop was killed in an automobile collision on December 29, 1966, and his automobile was totally destroyed. The parties submitted their case to the court on an agreed statement of facts. Judgment was rendered for the Insurance Company and the plaintiffs have appealed.

Mr. Bishop purchased a policy of insurance from Security Insurance, the designated agent for Commonwealth, on October 18, 1966. Bishop had been purchasing his car insurance from R. D. Hay, a partner in Security since 1959, on a note payment plan. The note for the premiums on the 1966 insurance was $292.00, $73.00 cash, and the balance in monthly installments of $27.99. The note was payable to Floyd West & Company in Dallas, Texas. West & Company were managers for Commonwealth. Security extended Bishop its individual credit for the down payment of $73.00. Bishop paid $60.00 on November 14, 1966 by mailing his check to Security. On November 18, 1966 Bishop's first monthly installment became due which Bishop did not pay on time. On November 21, 1966 Commonwealth issued Bishop a credit memo. for $72.00 on a rate change because Bishop moved from Dallas to Abilene. Security received a $40.00 check from Bishop on December 1, 1966. Although the $40.00 check was made payable to Security and had a notation on it that it was for payment on insurance, Security held the check and did not apply it on the November monthly installment. On the same day that Security received Bishop's $40.00 check, it received from Commonwealth a final notice that unless the November installment of $27.99 was paid within ten days cancellation notice would be issued. Security made no effort to pay the November payment of $27.99 out of the $40.00 check and when asked why they did not Mr. Hay answered by saying he wrote Bishop a letter and told him to come to his office because he had

some insurance matters to discuss with him.

■ Hay's agency agreement with Commonwealth clothed him with authority to collect, receive and receipt for premiums on insurance tendered by the agent to and accepted by the company. The parties stipulated that Security was a designated agent and representative of Commonwealth. At a time when its duly authorized agent had enough money in its possession to pay the November installment, the company on December 15, 1966 elected to cancel the policy at 12:01 A.M. on December 26, 1966 for failure to pay such premium. The fatal accident occurred on December 29th, 1966.

■ Appellee contends the record is silent on any express agreement by Security or Floyd West to accept checks from Mr. Bishop. It says:

"Counsel frankly admits that there is no doubt but that, if no other problems had existed, Floyd West would have accepted Mr. Bishop's check. The point is that it did not have to accept same."

We cannot agree with this contention.

The parties stipulated that Bishop had been a good and valuable customer of Security prior to October 18, 1966; that prior to October 18, 1966 Security cooperated with Bishop and did everything necessary to keep his business; that Security did not receive the $73.00 down payment from Bishop which was not an uncommon practice and Security had done it before; that Security accepted and cashed Bishop's $60.00 check and forwarded to Floyd West its part; that Security did not present the $40.00 check to the Bank for payment but had no reason to believe it would not have been paid if presented and that it kept the check in its possession from December 1, 1966 until sometime subsequent to the accident on December 29, 1966.

"Premiums may be paid by check where the policy or contract of insurance does not provide otherwise. And where an insurance company invites patrons to transmit premiums by mail by directions in relation thereto, it will be inferred that the company intends to accept as payment checks, bills, and the like, mailed to it, as money in due course." 32 Tex.Jur.2d 325. Also see Missouri State Life Ins. Co. v. Compton, Tex.Civ.App., 73 S.W.2d 1079 (writ dism.).

The parties stipulated on the cash market value of the car before and after the collision. The appellants are entitled to recover from the appellee the sum of $2,225.00.

■ By trial amendment, appellants pleaded estoppel and waiver by custom and the court overruled appellee's exception to such amendment. Appellee presents a cross point asserting the court erred. The court did not err in overruling the exception. Southern Underwriters v. Hodges, 141 S.W.2d 707, 711 (Tex.Civ.Apps., writ ref.); Jones v. Alvin State Bank, Tex.Civ.App., 332 S.W.2d 124 (no writ history.)

The judgment is reversed and judgment is rendered for appellants for $2,225.00.