**ELLIS, Plaintiff-Appellant, v. MOORE, Jr. et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2252. Decided December 2, 1953.

Kusworm & Kusworm, Dayton, for plaintiff-appellant.

Pickrel, Schaeffer & Ebeling, Chamberlain & Chamberlain, Dayton, for defendants-appellees.

## OPINION

By HORNBECK, J.:

This is an appeal on questions of law from a judgment entered in favor of the defendants notwithstanding a verdict of a jury in behalf of the plaintiff.

Three errors are assigned.

1. Refusal to accept evidence offered by the plaintiff.

2. Admission of testimony by the defendant over the objection of plaintiff.

3. Sustaining the motion for judgment notwithstanding the verdict.

We may not consider the first and second assignments of error. The motion tests the probative sufficiency of the evidence **received. Sec. 11601 GC.** These assignments are properly for consideration on a motion for a new trial. **Jolley v. Martin Brothers Box Company, 158 Oh St 417, 430.**

The third assignment presents the question: Was there substantial evidence of the negliggence charged aggainst the defendant proximately causing plaintiff's injuries? If so, the motion was improperly sustained. If not, it was properly sustained. **Wilkenson v. Erskine and Son, Inc., 145 Oh St 218.**

The averment of the amended petition of plaintiff is that she was riding a bicycle northwardly on Lennox Drive when she was struck by a Lincoln automobile being driven westwardly by the defendant, Paul Moore. The plaintiff, at the time of the collision, was nine years of age; the defendant sixteen years of age. Two allegations of negligence were alleged: (1) "That the defendant was driving at an excessive rate of speed as he approached the intersection, to-wit; at a speed of fifty-five miles per hour."

(2) "That defendant failed to keep a lookout for plaintiff as he approached the intersection where the accident occurred."

The facts developed in the record are that the plaintiff and a girl friend were riding their bicycles on Lennox Drive approaching Winding Way. Lennox Drive was a thoroughfare extending north and south and Winding Way, at and near the intersection, extends east and west. The intersection is in a residential section south of Oakwood in Montgomery County, Ohio. The plaintiff prior to the accident had been riding northwardly on Lennox Drive, intending to enter Winding Way to move to the east. Her amended petition avers that she was riding northwardly. There is some testimony that at the time of the collision she was riding eastwardly. The defendant was driving the Lincoln automobile westwardly on Winding Way.

The prima facie lawful speed at the intersection where the collision occurred was fifty miles per hour. There is no proof whatever of a rate of speed as great as 50 miles per hour. No witness for the plaintiff undertook to fix the rate of speed in miles per hour upon observation of the movement of the car, but a State Patrolman, testifying from records, said that the skid marks on the road at the scene of the accident indicated that the defendant, prior to the collision, had been moving at a speed of 30 to 35 miles per hour. This conclusion was reached because the skid marks from the point of the collision extended eastwardly 49 feet 8 inches. This testimony was corroborative of the defendant, who said that when he saw the plaintiff emerging from the intersection he was driving from 30 to 32 miles per hour. Plaintiff and her girl friend said that defendant's automobile was moving toward the intersection very fast. There is testimony that Winding Way as it approached the intersection was on a down grade, but the length or extent of the grade does not appear.

Defendant, upon cross-examination, stated that he was looking straight ahead as he approached the intersection, and that when he first saw plaintiff she had ridden out into the intersection. The plaintiff testified that she stopped on Lennox Drive, but that she did not see the defendant until she entered the intersection.

It is contended that the failure of the defendant to look to the left as he approached the intersection was evidence of negligence. However, there is no proof from which the jury could determine the distance from the intersection at which point he could see the plaintiff if she was in Lennox Drive. Plaintiff did not see the defendant, and there is nothing to indicate that he could have seen her had he looked if he was under any obligation to look to his left and into the intersection.

Plaintiff urges that there is testimony from which an inference can be drawn that the defendant, although not exceeding the prima facie speed limit as he approached the intersection, was driving at an excessive rate of speed. This could be determined only if some condition of traffic, state of the weather, or other facts put the obligation upon defendant to drive slower than the legal rate of speed fixed by the statute. No such unusual physical conditions appear. There is some testimony that there was a bush on the southeast corner of the intersection, but to what extent it would impair the vision of plaintiff or defendant is problematical.

The most significant fact in this record is that the defendant, as he approached the intersection, had the right of way over the plaintiff, who was to his left. His rights and obligation in this situation are determined by **Morris v. Bloomgren, 127 Oh St 147,** the first syllabus of which holds that he had the absolute right of way, qualified only by the requirement that he proceed in a lawful manner. And by the fifth syllabus of this case he had the right to assume that the plaintiff approaching from his left would obey the law and yield the right of way to him until such time as he observed her to be in a perilous situation, when he would have lost the benefit of his absolute right of way. There is no showing in this record from which it may be held that the defendant lost his right of way. There is no averment that he was not in his proper lane of traffic prior to or at the time of the collision.

Upon a careful consideration of the record in this case in its entirety, we cannot hold that the trial judge erred in finding that the plaintiff had failed to make a case to go to the jury on either of the specifications of negligence and in entering the judgment for the defendant notwithstanding the verdict.

The judgment will be affirmed.

WISEMAN, PJ, MILLER, J, concur.