[Cite as *Alonso v. Thomas*, 2021-Ohio-341.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ANN V. ALONSO

    Appellee/Cross-Appellant

v.

JOAN JACOBS THOMAS, et al.

    Appellants/Cross-Appellees

C.A. No.    19CA011483

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    15-CV-185791

DECISION AND JOURNAL ENTRY

Dated: February 8, 2021

CALLAHAN, Presiding Judge.

{¶1} Appellants/Cross-Appellees, Joan Jacobs Thomas and The Law Firm of Joan Jacobs Thomas Co., LPA, and Appellee/Cross-Appellant, Ann Alonso, appeal from the judgment of the Lorain County Court of Common Pleas. For the reasons set forth below, this Court affirms in part, reverses in part, and remands the matter for a new trial on damages.[1]

I.

{¶2} Attorney Joan Jacobs Thomas, through The Law Firm of Joan Jacobs Thomas Co. LPA (collectively "Ms. Thomas"), represented Ms. Alonso in a divorce action from the inception of the case in 2008 through May 2014. Thereafter, Ms. Alonso retained new counsel to represent

---

[1] On December 14, 2020, this Court issued its decision and journal entry in this case. *See Alonso v. Thomas*, 9th Dist. Lorain No. 19CA011483, 2020-Ohio-6660. Ms. Thomas filed an application for reconsideration of our conclusion that her second, third, and fourth assignments of error were moot based upon the disposition of her first assignment of error. We granted Ms. Thomas' application as to her second assignment of error only and vacated our December 14, 2020 decision and journal entry.

her for the remainder of the divorce action. After the divorce action was concluded, Ms. Alonso filed a legal malpractice complaint against Ms. Thomas. Ms. Thomas filed a counterclaim against Ms. Alonso for breach of contract, accounts, unjust enrichment, and abuse of process. The legal malpractice claim and the breach of contract counterclaim proceeded to a jury trial.

{¶3} Ms. Alonso's legal malpractice claim alleged multiple theories regarding how Ms. Thomas was negligent in her legal representation of Ms. Alonso in the divorce action. Ms. Alonso called David Badnell, an attorney, as an expert in domestic relations law. One of Mr. Badnell's criticisms of Ms. Thomas' representation of Ms. Alonso involved spousal support.

{¶4} After testifying to the process used to determine the amount of spousal support to be paid in a divorce action and Ms. Thomas' breach of the standard of care in that regard, Mr. Badnell testified to the amount and duration of spousal support damages. Ms. Thomas' counsel objected, without stating a basis, to the expert opinions regarding the duration and amount of spousal support damages. The objections were overruled. Mr. Badnell continued to testify regarding his damage calculations for lost spousal support. It was during this testimony that Ms. Thomas' counsel interrupted Mr. Badnell's testimony and requested a sidebar.

{¶5} At sidebar, Ms. Thomas' counsel provided an explanation for the original objections: Mr. Badnell's testimony regarding the duration and amount of spousal support damages was not admissible pursuant to Local Rule 11(I)(B) of the Lorain County Court of Common Pleas, General Division, because those opinions were not contained in his expert report. Ms. Alonso's counsel responded that Mr. Badnell's expert report "address[ed] the fact that the spousal support was insufficient[,]" and Ms. Thomas could have deposed Mr. Badnell regarding that opinion. After reviewing Mr. Badnell's report and relying upon Loc.R. 11(I)(B), the trial court determined that Mr. Badnell's testimony was "beyond the scope of his report, and it catches

a lawyer offguard." The trial court sustained Ms. Thomas' objection and prohibited "further testimony relative to specific numbers." Ms. Thomas' counsel then moved to strike Mr. Badnell's testimony regarding the duration and amount of spousal support damages. The trial court denied Ms. Thomas' motion to strike on the basis that her counsel's initial objections failed to state a basis.

{¶6} After the conclusion of Mr. Badnell's direct examination, the trial court called a sidebar and indicated that it had reconsidered its earlier ruling denying Ms. Thomas' motion to strike and was going to give a curative instruction. Ms. Alonso's counsel objected and after listening to the parties' arguments, the trial court reverted to its original position and no curative instruction was given.

{¶7} Ms. Thomas attempted to rebut Mr. Badnell's expert testimony regarding the duration and amount of spousal support through her own expert, James Skirbunt. Similar to Mr. Badnell's expert report, Mr. Skirbunt's expert report did not contain any figures regarding the duration and amount of spousal support. Accordingly, Ms. Alonso's counsel objected to Mr. Skirbunt testifying to opinions not contained in his expert report. The trial court sustained the objection.

{¶8} Ms. Thomas' counsel was eventually permitted to reopen direct examination to ask Mr. Skirbunt questions based upon his review of the transcript of the trial testimony of Mr. Badnell, but she still was not permitted to address the actual numbers provided in Mr. Badnell's testimony regarding the duration and amount of spousal support. Ms. Thomas, however, declined to reopen the direct examination of Mr. Skirbunt.

{¶9} At the conclusion of Ms. Alonso's case-in-chief, Ms. Thomas renewed her objection to Mr. Badnell's testimony regarding spousal support damages and moved for a directed

verdict asserting there was no evidence of any damages. The trial court again declined to give a curative instruction and denied the motion for directed verdict as to all the damages, with the exception of the damages related to the appointment of a receiver for the sale of the real estate.

{¶10} During closing argument, Ms. Alonso's counsel relied upon Mr. Badnell's expert testimony that she should have received a combined award of spousal support and child support in the amount of $5,500 per month for an indefinite period. Ms. Alonso's counsel suggested to the jury that a period of ten years was reasonable. Additionally, Ms. Alonso's counsel used a demonstrative aid during rebuttal which set forth the various damages she was seeking. Ms. Alonso sought a total of $607,000 for Ms. Thomas' alleged legal malpractice, of which "almost $400,000" was for spousal and child support damages.

{¶11} The jury returned a verdict of $550,000 for Ms. Alonso on her legal malpractice claim. The jury also found in favor of Ms. Alonso on Ms. Thomas' breach of contract counterclaim.

{¶12} Ms. Thomas filed a motion for judgment notwithstanding the verdict or, in the alternative, a motion for new trial, and Ms. Alonso filed a motion for prejudgment interest. After a hearing on the motions, the trial court determined that it had erred in admitting Mr. Badnell's testimony regarding spousal support damages, and it could "'back out'" the improper damages from the jury's verdict. The trial court denied Ms. Thomas' motion for judgment notwithstanding the verdict, but granted her a new trial on damages only. The order for new trial was provisionally stayed pending Ms. Alonso's decision to elect or to refuse a remittitur of $210,240. The trial court also granted Ms. Alonso's motion for prejudgment interest. Ms. Alonso accepted the remittitur, which reduced the judgment to $339,760, plus prejudgment interest, and Ms. Thomas' motion for new trial was denied.

{¶13} Ms. Thomas filed a timely appeal, raising four assignments of error. Ms. Alonso filed a cross appeal, raising one assignment of error.

II.

**MS. THOMAS' ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN ADMITTING TESTIMONY OF [MS.] ALONSO'S EXPERT WITNESS OUTSIDE HIS EXPERT REPORT, TO THE PREJUDICE OF [MS.] THOMAS.

{¶14} Ms. Thomas argues that the trial court erred in admitting the testimony of Ms. Alonso's expert, Mr. Badnell, regarding spousal support damages. Specifically, Ms. Thomas argues that the trial court abused its discretion when it allowed Mr. Badnell to testify outside of his expert report and she was prejudiced by this evidentiary ruling. We agree.

{¶15} The admission or exclusion of evidence rests within the sound discretion of the trial court. *Dardinger v. Anthem Blue Cross & Blue Shield*, 98 Ohio St.3d 77, 2002-Ohio-7113, ¶ 193, quoting *State v. Hymore*, 9 Ohio St.2d 122, 128 (1967). Therefore, we will not reverse the trial court's decision regarding the admission or exclusion of evidence unless it is determined that the trial court abused its discretion and the party has been materially prejudiced by the evidentiary ruling. *Dardinger* at ¶ 193, quoting *Hymore* at 128. *Accord Belcher v. Zajaros*, 9th Dist. Lorain No. 02CA008098, 2003-Ohio-2151, ¶ 7. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25. "'Material prejudice exists when, after weighing the prejudicial effect of the errors, the reviewing court is unable to find that without the errors the fact finder would probably have reached the same decision.'" *Somerick v. YRC Worldwide Inc.*, 9th Dist. Summit No. 29239, 2020-Ohio-2916, ¶ 6, quoting *In re Moore*, 9th Dist.

Summit No. 19217, 1999 WL 1215294, *17 (Dec. 15, 1999) and *Estate of Cushing v. Kuhns*, 9th Dist. Lorain No. 97CA006981, 1999 WL 74626, *3 (Feb. 9, 1999).

{¶16} Similarly, a trial court's ruling on a motion to strike trial testimony and whether to give a curative instruction is reviewed for an abuse of discretion. *See Hyams v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97439, 2012-Ohio-3945, ¶ 11, 14 (strike trial testimony); *State v. Alexander*, 10th Dist. Franklin No. 06AP-647, 2007-Ohio-4177, ¶ 36, quoting *State v. Hartman*, 12th Dist. Clermont No. CA98-06-040, 1999 WL 188145, *2 (Apr. 5, 1999) (curative instruction).

{¶17} Evid.R. 103(A)(1) provides that a party may not assign as error a ruling which admits evidence unless 1) a substantial right of the party is affected and 2) there appears in the record a timely objection or motion to strike the evidence which states with specificity the basis for the objection when the specific ground is not evident from the context. If the party claiming the error is unable to demonstrate that the objection was timely and specific, then the party has forfeited all but plain error on appeal. *See Klar v. Black*, 9th Dist. Summit No. 17574, 1996 WL 639976, *4 (Nov. 6, 1996) (untimely objection); *Dragway 42, L.L.C. v. Kokosing Constr. Co.*, 9th Dist. Wayne No. 09CA0073, 2010-Ohio-4657, ¶ 25 (failure to state a basis for the objection).

<u>**Preservation of Objections on Appeal**</u>

**Two General Objections**

{¶18} Ms. Thomas argues that her initial objections were timely and the basis of the objections, that the testimony was beyond the scope of the expert report, was apparent from the context of the question. Ms. Alonso disagrees and contends that Ms. Thomas has waived[2] the objections on appeal.

---

[2] Ms. Alonso's use of the term "waived" is improper in this case. Although waiver and forfeiture are frequently used interchangeably, "[a] waiver occurs where a party affirmatively relinquishes or abandons a right, whereas a forfeiture occurs where a party fails to preserve an

**{¶19}** Ms. Thomas directs this Court to the following two objections to Mr. Badnell's testimony regarding spousal support damages:

Q:    And do you -- is this your opinion to a legal -- or a reasonable legal certainty that that should have been a continuing order?

A:    Absolutely.

[Ms. Thomas' counsel]:    Objection.

The Court:    Overruled.

A:    Absolutely.    Should have been a continuing order, indefinite order, whatever term you want.  Case law says indefinite.  I know lots of times in practice we use the term continuing or ongoing.  Absolutely.

* * *

Q:    So, Mr. Badnell, have you assessed what the number should have been, based upon all of the factors that you've indicated you have considered and all of the FinPlan analyses that you did?

A:    Yes, I have.

Q:    And is your opinion to a reasonable legal certainty?

A:    Yes, it is.

Q:    Would you please tell me what your opinion is?

[Ms. Thomas' counsel]:    Objection.

The Court:    Overruled.

**{¶20}** We agree with Ms. Thomas that both of the above objections were timely as they were made following the question asking for an expert opinion concerning the duration and amount

---

objection before the trial court in a timely fashion." *Karvo Cos., Inc. v. Ohio Dept. of Trans.*, 9th Dist. Summit No. 29294, 2019-Ohio-4556, ¶ 30, fn.1, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23.  Based upon the parties' arguments, they are arguing forfeiture, not waiver. Accordingly, we will review whether the objections are forfeited.

of spousal support damages. The objections, however, failed to state a specific basis for the objections, and the grounds for the objections were not apparent from the context. *See* Evid.R. 103(A)(1).

{¶21} Ms. Thomas argues that it was unnecessary to state the specific grounds for these objections, because "[t]he basis of the objection was apparent from the context of the question, as [Mr.] Badnell's Report had been filed with the trial court and no other objectional deficiencies were present." This argument lacks merit. While it is not dispositive to this particular argument, we note that Mr. Badnell's expert report was not filed.[3] Even if the expert report had been filed, there was no reason for the trial court to have reviewed the report because there were no evidentiary motions filed regarding Mr. Badnell's expert opinions. Moreover, it is unreasonable to expect the trial court to have reviewed and become so familiar with the contents of an expert report prior to trial that it was able to discern that the basis of the general objection was that the expert was testifying outside the scope of the expert report as opposed to a foundational deficiency in light of the line of questioning.

{¶22} Contrary to Ms. Thomas' position, it was not apparent from the context that she was objecting on the basis that Mr. Badnell was testifying outside the scope of his expert report. Because these two objections failed to conform with the requirements of Evid.R. 103(A)(1), Ms. Thomas has forfeited all but plain error as to these two objections on appeal. *See Dragway 42, L.L.C.*, 2010-Ohio-4657, at ¶ 25, citing Evid.R. 103(A), (D). However, Ms. Thomas has not

---

[3] The trial transcript reflects that Ms. Alonso's counsel repeatedly told the trial court that the report had been filed. The record, however, contains no such filing. Both Ms. Thomas and Ms. Alonso refer to Plaintiff's Notice of Submission of the Expert Report as the filing of Mr. Badnell's expert report. This filing states Ms. Alonso "gives notice that she has tendered her expert report from [Mr.] Badnell to [Ms. Thomas,]" but there is no report attached to this filing.

argued plain error on appeal, and we will not sua sponte undertake the plain error analysis on her behalf. *See State v. Heller*, 9th Dist. Lorain No. 18CA011304, 2019-Ohio-4722, ¶ 15. *See also Besancon v. Cedar Lane Farms, Corp.*, 9th Dist. Wayne No. 16AP0003, 2017-Ohio-347, ¶ 19, quoting *K.L. v. D.M.*, 9th Dist. Medina No. 15CA0010-M, 2016-Ohio-338, ¶ 5.

**Specific Objection, Motion to Strike, and Curative Instruction**

{¶23} Ms. Thomas also argues that "[e]ven if these [general] objections were somehow not apparent * * * and needed to be expressly stated," her counsel did so shortly thereafter in the sidebar in a timely manner. Ms. Alonso argues that Ms. Thomas' failure to "timely object * * * and to inform the trial court of the basis for her objection * * * constituted a waiver of *any* objection" on appeal. (Emphasis added.)

{¶24} As to Ms. Alonso's forfeiture argument, it is unclear whether she is arguing that the forfeiture of the initial two objections resulted in a forfeiture of the subsequent specific objection at sidebar or that the specific objection at sidebar was forfeited because it was untimely and not made with specificity. Regardless, both arguments are without merit. The forfeiture of the initial two general objections does not render the subsequent specific objection forfeited. *See Sheeler v. Admr., Ohio Bur. of Workers' Comp.*, 99 Ohio App.3d 443, 447 (9th Dist.1994) (While appellant forfeited his challenge to appellee's first reference to the statutory presumption in the opening statement because of his failure to object, appellant's objection to appellee's second reference to the statutory presumption in opening statement was not forfeited on appeal.). Rather, we must review the subsequent specific objection at sidebar for timeliness and specificity in accordance with Evid.R. 103(A)(1).

{¶25} After the trial court overruled Ms. Thomas' second general objection to Ms. Alonso's question asking Mr. Badnell for his expert opinion as to "what the [spousal support]

number should have been," Mr. Badnell did not immediately state the amount. Instead, he spent a full page of testimony explaining the factors he considered in determining this amount. Then, without being prompted by another question, Mr. Badnell stated, for the first time, his opinion as to the amount and duration of the lost spousal support: "The bare bones bottom number for [Ms.] Alonso was a combined order of $5,500 a month for an indefinite term."

{¶26} Mr. Badnell continued explaining the rationale behind this damage calculation for another three-fourths of a page when Ms. Thomas' counsel interrupted Mr. Badnell's ongoing explanation and requested a sidebar. The following discussion occurred at sidebar:

[Ms. Thomas' counsel]: Okay. At this point none of this is in his report, none of these numbers. He's giving opinions that he hasn't included in his report, right?

The Court: Do you have a copy of the report I can look at?

* * *

The Court: That's okay. Okay. My initial reaction is I agree. I don't see calculations in there relative to spousal -- to spousal --

[Ms. Alonso's counsel]: He addressed spousal support.

The Court: Yes. And I agree that he can opine on spousal support. But getting into the details of the numbers, they were not provided in his report. Counsel wasn't given an opportunity to respond to that.

* * *

The Court: I agree that the numbers that -- he is not going to testify as to detailed, itemized numbers, if they weren't put in his report. That's not how -- that's not the spirit of what expert reports are meant to be. It's not -- it's above and beyond what he provided, it's beyond the scope of his report, and it catches a lawyer offguard. So I agree, I'm not going to allow the numbers, unless you have something else that shows or some other way that --

[Ms. Alonso's counsel]: This is our expert report. That's what I have.

The Court: Okay. That's where we are.

[Ms. Alonso's counsel]: So what are you going to do?

The Court: I'm going to sustain the objection and not allow any further testimony relative to the specific numbers.

[Ms. Thomas' counsel]: And I --

The Court: Hold on. Hold on. Counsel?

[Ms. Thomas' counsel]: And I would ask you that -- we've been jumping around a little bit, but some of this is already in over objection. So to the extent that they go to damages, which is what he's basically trying to testify to I believe now, these numbers, I would ask that those -- you know, that that be stricken.

The Court: Well --

[Ms. Thomas' counsel]: In addition to this.

The Court: You didn't raise it as -- let me think about that issue and how I want to deal with that in a minute.

[Ms. Thomas' counsel]: Okay.

The Court: But you raised your objection, we dealt with it. You let it go in, so it's hard to unring that bell. I'll consider that. But for now, that's where we are.

[Ms. Thomas' counsel]: I did object.

The Court: I understand.

In accordance with the trial court's ruling, Mr. Badnell did not testify any further regarding his damage calculations for lost spousal support.

{¶27} In this instance, we agree Ms. Thomas' counsel provided the trial court with the specific basis for the objection and the motion to strike. As to the requirement of timeliness, Ms. Thomas asserts that Ohio case law does not establish a "bright line rule on when an objection is timely or not, but it appears to be more than a few minutes or a few questions worth."

{¶28} Typically, an objection to the admission of evidence at trial is considered timely when it is raised at the point that the alleged error occurred. *Hyams*, 2012-Ohio-3945, at ¶ 17. *See Gates v. Dills*, 13 Ohio App.2d 163, 164-165 (2d Dist.1967), citing 52 Ohio Jurisprudence 2d, Section 81, at 569 (recognizing that "an objection to incompetent and improper testimony must be made with reasonable promptness"). The Ohio Supreme Court has held that "[t]o be timely, the objection must be raised 'at a time when such error could have been avoided or corrected by the trial court.'" *State ex rel. Holwadel v. Hamilton Cty. Bd. of Elections*, 144 Ohio St.3d 579, 2015-Ohio-5306, ¶ 50, quoting *State v. Childs,* 14 Ohio St.2d 56, paragraph three of the syllabus (1968). A timely objection not only provides the trial court with an opportunity to take action to avoid error, but it also provides the opposing party with a chance to correct the mistake. *See Hyams* at ¶ 17, quoting *Williams v. Parker Hannifin Corp.*, 188 Ohio App.3d 715, 2010-Ohio-1719, ¶ 15 (12th Dist.).

{¶29} As it pertains to objections and motions to strike, "there is considerable consistency among Ohio appellate courts that there must be an element of timeliness which reasonably relates to the earliest opportunity for making an objection." *See Coe v. Young*, 145 Ohio App.3d 499, 513 (11th Dist.2001) (Christley, J., concurring). Generally, an objection is untimely and not preserved for appeal in situations involving longer lapses of time between the presentation of the improper testimony or evidence at trial and the objection. *See, e.g., Smith v. Am. Consumer Prods., Inc.*, 8th Dist. Cuyahoga No. 55867, 1989 WL 139477, *2 (Nov. 16, 1989) (general objection raised at the end of a 40-page direct examination to the expert's summary of his conclusions where the expert had testified to his opinion six separate times without objection); *State v. Clinton*, 6th Dist. Lucas No. L-86-164, 1987 WL 9456, *2 (Apr. 10, 1987) (objection raised during the cross examination of a witness and the witness had previously testified to the same matter in direct examination

without objection); *State v. Roberts*, 156 Ohio App.3d 352, 2004-Ohio-962, ¶ 20 (9th Dist.) (objection to a prior witness' testimony was raised several days later and after fifteen other witnesses had testified); *Rose v. Discount Indus. Tool Sales*, 9th Dist. Summit No. 17819, 1997 WL 82852, *2 (Feb. 5, 1997) (objection made by defendant after it had rested its case).

{¶30} In this case, unlike the cases cited above, while the specific objection was not raised immediately after Mr. Badnell stated his opinion that Ms. Alonso should have received "$5,500 a month for an indefinite term[,]" it was raised within a brief period thereafter rather than waiting until the end of the direct examination or during the cross examination of Mr. Badnell, after other witnesses had testified and several days had passed, or the parties had rested their respective cases. *Compare Smith* at *2; *Clinton* at *2; *Roberts* at ¶ 20; *Rose* at *2. Accordingly, the specific objection was raised with reasonable promptness in relation to Mr. Badnell's answer.

{¶31} Immediately following the trial court's ruling sustaining her timely, specific objection, Ms. Thomas moved to strike Mr. Badnell's improper testimony. This Court has held that when a trial court sustains an objection after the evidence has been heard by the jury, the party must follow the objection with a motion to strike and request for curative instruction in order to preserve a claimed error in the admission of the evidence. *Akron v. Niepsuj*, 9th Dist. Summit No. 21280, 2003-Ohio-3791, ¶ 17, quoting *Hernandez v. Rivera*, 9th Dist. Lorain No. 3855, 1985 WL 10844, *2 (Oct. 30, 1985). "A reviewing court may not consider the admission of improper testimony, although the objection was sustained, where there was no motion to strike the improper testimony." *Hernandez* at *2, citing *State v. Agner*, 30 Ohio App.2d 96, 101 (3d Dist.1972) and *Straley v. Straley*, 15 Ohio Law Abs. 605, 606 (2d Dist.1933). Accordingly, Ms. Thomas timely asserted her motion to strike and preserved her challenge to the admission of the improper

testimony. *Compare Niepsuj* at ¶ 17; *Hernandez* at *2; *State v. Cornwell*, 9th Dist. Wayne No. 14AP0017, 2015-Ohio-4617, ¶ 31.

{¶32} Based upon the foregoing, Ms. Thomas made a timely, specific objection, followed by a motion to strike Mr. Badnell's testimony. Thus, Ms. Thomas has not forfeited on appeal the alleged errors related to the admission of Mr. Badnell's spousal support damages and the denial of the motion to strike and curative instruction.

**Closing Argument**

{¶33} During Ms. Alonso's rebuttal closing argument, Ms. Thomas' counsel objected to Ms. Alonso's counsel telling the jury that "Mr. Badnell said that the minimum child support/spousal support should be $5[,]500 a month for an unlimited duration. And I suggest to you that a reasonable duration in this case would be 10 years." Ms. Alonso's counsel made a similar statement in the closing argument, but Ms. Thomas did not object to that statement. Generally, Ms. Thomas' failure to object to the statement in Ms. Alonso's closing argument would render a review of that statement forfeited on appeal, but not the statement in the rebuttal closing argument. *See Sheeler*, 99 Ohio App.3d at 447. However, Evid.R. 103(A) provides that "[o]nce the court rules definitely on the record * * * at trial, a party need not renew an objection * * * to preserve a claim for appeal." While considering Ms. Thomas' motion for directed verdict at the close of Ms. Alonso's case, the trial court definitively ruled against Ms. Thomas and allowed Mr. Badnell's spousal support calculations into evidence. Accordingly, Ms. Thomas' counsel was not required to object to Ms. Alonso's counsel's reference to Mr. Badnell's spousal support calculations during closing argument in order to preserve her argument. *See* Evid.R. 103(A). Ms. Thomas' argument regarding Ms. Alonso's use of Mr. Badnell's testimony during closing argument is preserved for appeal.

**Abuse of Discretion**

{¶34} Despite sustaining Ms. Thomas' specific objection on the basis that Mr. Badnell was testifying outside his expert report and precluding further testimony on spousal support damages, the trial court denied Ms. Thomas' motion to strike Mr. Badnell's testimony regarding the spousal support damages. Referencing the two general objections, the trial court stated the basis for its ruling: "But you raised your objection, we dealt with it. You let it go in, so it's hard to unring that bell. I'll consider that. But for now, that's where we are."

{¶35} At the conclusion of Mr. Badnell's direct examination the trial court initiated a sidebar conference and revisited this issue. The trial court began by stating that it was going to give a curative instruction relative to Mr. Badnell's testimony regarding the lost spousal support damage calculation:

> The Court: I have revisited the issue of a curative instruction you're seeking. The Court denied your motion for -- or your objections to that line of questioning on the basis that the Court was under the assumption that you were making foundational objections, and I felt that a foundation was properly laid to allow the testimony. When you brought to the Court's attention that the proffered testimony exceeded the scope of the Defendant -- of the Plaintiff's expert's report, that's a different matter and I granted them.
>
> I now do believe that due to the nature of that report containing -- that report not containing information that was material, substantial, and testified to, that a curative instruction is appropriate, and I'll -- it is my intention to instruct the jury to disregard what the witness testified is the joint amount of $5,500, as that figure, nor its calculations, are represented in the report. Do you want to be heard?

After listening to the parties' arguments regarding whether there was a "waiver" of the two general objections that would preclude the curative instruction, the trial court agreed that "there's been a waiver to that extent." The trial court declined to give the curative instruction for the same reason it declined the motion to strike.

{¶36} At the close of Ms. Alonso's case, Ms. Thomas' counsel moved for a directed verdict and renewed the objection to the trial court's denial of the motion to strike and refusal to give a curative instruction. The trial court reiterated its position that the initial objections should have been stated with specificity and "that bell has been rung[]" and "the damage was done, so I'm not going to grant that motion [to strike]."

{¶37} The trial court's decision denying the motion to strike and refusing to give a curative instruction was premised upon the deficiency of the two general objections. However, this is not a case involving only general objections and a motion to strike. *Compare Selbee v. Van Buskirk*, 4th Dist. Scioto Nos. 16CA3777, 16CA3780, 2018-Ohio-1262, ¶ 51-53 (general objections and untimely motion to strike were insufficient to preserve error). In this matter, there was also a specific objection raised after the trial court overruled the second general objection and while Mr. Badnell was answering that question. No other questions were asked between the second general objection and the specific objection. While the general objections did not apprise the trial court of the basis for the objections, the basis was clarified in the specific objection, which was made with reasonable promptness and followed by a motion to strike. Accordingly, the trial court had the opportunity to correct the error in the admission of Mr. Badnell's testimony by striking the testimony and giving a curative instruction.

{¶38} In reaching this conclusion, we find *State v. Owens*, 2d Dist. Montgomery No. 14068, 1994 WL 683395 (Nov. 30, 1994), to be instructive. In *Owens*, the Second District Court of Appeals considered whether the trial court abused its discretion in denying a motion to strike because the objection was untimely. *Id.* at *4-5. During the direct examination of the State's witness, the defense attorney made two objections and a motion to strike. *Id.* at *4. The first objection was specific and overruled by the trial court. *Id.* The second objection was general and

it was raised at the end of the witness' answer to the question. *Id.* The trial court sustained this objection and the defense attorney moved to strike the witness' testimony. *Id.* The trial court denied the motion to strike because it deemed the second objection untimely. *Id.* The court of appeals held that the trial court abused its discretion in denying the motion to strike. *Id.* at \*5. The appellate court recognized that while the second objection could have been raised sooner to avoid the testimony from being presented to the jury, the objection and motion to strike were raised "at a time when the prejudicial effect could have been minimized through an instruction to the jury to disregard the testimony." *Id.*

{¶39} The same rationale applies in this matter. While the general objections in this case were deficient and could have been asserted with specificity to prevent the jury from receiving the testimony, the subsequent specific objection and motion to strike were made at a time that provided the trial court with the ability to minimize the prejudicial effect of Mr. Badnell's improper testimony. *See id.* at \*5.

{¶40} Based upon the foregoing, we conclude that the trial court abused its discretion when its denied Ms. Thomas' motion to strike and refused to give a curative instruction, and thereby allowed Mr. Badnell's improper expert opinion regarding the amount and duration of spousal support damages to stand.

{¶41} Ms. Thomas also argues that the trial court erred when it overruled her objection and allowed Ms. Alonso's counsel in closing argument "to tell the jury that Mr. Badnell opined and concluded that spousal support should have been $5,500 a month for 10 years[.]" In light of our conclusion that the trial court abused its discretion in allowing Mr. Badnell's testimony to stand, it follows that it was error to allow Ms. Alonso to reference this testimony in her closing argument.

**Ms. Alonso's Alternative Argument**

{¶42} In response to Ms. Thomas' assignment of error, Ms. Alonso argues alternatively that 1) Mr. Badnell's testimony was admissible because the expert report "adequately raise[d] and address[ed] [Ms.] Thomas' negligence *vis-à-vis* spousal and child support" and thereby the testimony was not outside the expert report in violation of Loc.R. 11(I)(B), and 2) there was no unfair surprise or willful noncompliance to support the trial court sustaining Ms. Thomas' objection and excluding further testimony regarding spousal support damages from Mr. Badnell. We, however, cannot consider these arguments because Ms. Alonso failed to make the necessary record for review on appeal.

{¶43} In order to review the trial court's ruling excluding Mr. Badnell's damage calculations for lost spousal support based upon Loc.R. 11(I)(B), this Court must examine Mr. Badnell's expert report in conjunction with his trial testimony. Mr. Badnell's expert report, however, was not filed in the trial court, not admitted by the parties as an exhibit at trial, not marked as an exhibit by the trial court,[4] and not proffered into the record during the trial.[5] Without the expert report[6] or a proffer of the expert report, this Court is unable to review whether Mr. Badnell's

---

[4] Although the trial transcript reflects that Ms. Thomas provided a copy of Mr. Badnell's expert report to the judge to review during the first sidebar, there is no indication in the transcript that either party admitted the expert report as an exhibit or that the trial court marked the expert report as an exhibit.

[5] During the sidebar, Ms. Alonso's counsel did not dispute the lack of actual figures in the expert report. Rather, her counsel addressed the contents of the expert report regarding spousal damages by saying "He addressed spousal support[]" and "He did address the fact that the spousal support was insufficient." Even if these statements were liberally construed as a proffer, they are generalizations and do not provide enough information regarding the actual contents of the expert report as to the spousal support damages. *See Brown v. Burnett*, 2d Dist. Clark No. 2019-CA-57, 2020-Ohio-297, ¶ 39 ("[W]hile a proffer was made, its lack of specificity renders meaningful review difficult.").

[6] Because the expert report is not part of the record, the excerpts from Mr. Badnell's report contained in the parties' briefs are not properly before this Court.

testimony was admissible under Loc.R. 11(I)(B) and if there was unfair surprise to Ms. Thomas or willful noncompliance by Ms. Alonso to support the trial court sustaining Ms. Thomas' specific objection and excluding further testimony regarding spousal support damages. *Compare State v. Kilbarger*, 5th Dist. Fairfield No. 13-CA-64, 2014-Ohio-4949, ¶ 47, 49 (Appellate court was able to review a challenge to the exclusion of an expert opinion because the expert report, while not admitted, was proffered at the trial court.); *Hissa v. Hissa*, 8th Dist. Cuyahoga Nos. 79994, 79996, 2002-Ohio-6313, ¶ 20 (Proffer of the actual expert report at trial was unnecessary when the report was filed in the trial court and marked by the trial court as an exhibit.).

## Prejudice

**{¶44}** Having determined that the trial court erred in the admission of this evidence, we must now consider whether that error warrants a reversal of this case. "An improper evidentiary ruling constitutes reversible error only when the error affects the substantial rights of the adverse party or the ruling is inconsistent with substantial justice." *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, ¶ 35, citing *O'Brien v. Angley,* 63 Ohio St.2d 159, 164-165 (1980). In order to determine whether an appellant has had substantial justice to preclude a judgment being reversed for trial errors, the reviewing court must weigh the prejudicial effect of the error and determine that the trier of fact would probably have made the same decision even if the errors had not occurred. *Beard* at ¶ 35*,* quoting *O'Brien* at 164-165, quoting *Hallworth v. Republic Steel Corp.*, 153 Ohio St. 349 (1950), paragraph three of the syllabus.

**{¶45}** Upon review of the record, we conclude that substantial justice has not been done to Ms. Thomas in this case because the jury would probably not have reached the same conclusion as to the amount of damages had Mr. Badnell's damage calculations for lost spousal support not been admitted. The trial court's denial of the motion to strike and refusal to give a curative

instruction resulted in the admission of expert testimony regarding lost spousal support damages that Ms. Thomas was not prepared to defend against at trial, nor allowed an opportunity to rebut with her own expert testimony. The trial court prohibited Ms. Thomas' expert, Mr. Skirbunt, from rebutting Mr. Badnell's spousal support calculations because her expert's report did not contain any such opinions. Thus, Ms. Thomas was precluded from offering expert testimony to rebut Ms. Alonso's expert testimony regarding the amount of spousal support damages.

{¶46} With regard to the spousal support damages, Mr. Badnell, relying upon a stipulation filed in the underlying divorce action and admitted as an exhibit at trial in this matter, testified regarding the duration and amounts of spousal support that Ms. Thomas secured for Ms. Alonso. Mr. Badnell opined, over Ms. Thomas' objection, that the duration and amount of spousal support was "grossly inadequate" and went on to testify that Ms. Alonso should have received a combined award of $5,500 a month, indefinitely. Mr. Badnell was the only witness to testify to this monthly amount and duration regarding lost spousal support damages.

{¶47} While there were other witnesses who testified regarding spousal support, none of the witnesses corroborated Mr. Badnell's testimony that Ms. Alonso should have received a combined award of $5,500 a month, indefinitely. Rather, the other witnesses, Ms. Thomas, Mr. Skirbunt, and one of Mr. Alonso's former attorneys in the divorce action, testified regarding the rule-of-thumb method for calculating spousal support in Lorain County. Ms. Thomas and Mr. Skirbunt testified that the amount of spousal support was calculated based on that rule, and Mr. Skirbunt opined that Ms. Thomas did not breach the standard of care. Without other admissible testimony or evidence corroborating Mr. Badnell's damage calculations for lost spousal support, the admission of his testimony was prejudicial to Ms. Thomas. *Compare McMichael v. Akron Gen. Med. Ctr.*, 9th Dist. Summit No. 28333, 2017-Ohio-7594, ¶ 50 (alleged error in the admission

of incompetent evidence was harmless when there was other evidence introduced at trial addressing the same matter); *In the Matter of Burrows*, 4th Dist. Athens No. 95CA1698, 1996 WL 309979, \*6 (May 30, 1996) (The appellant's substantial rights are not affected when the inadmissible evidence is corroborated by other admissible evidence.).

{¶48}  Further, a review of the damages evidence reflects that the damages, other than spousal support, sought by Ms. Alonso totaled less than half of the amount awarded by the jury. Ms. Alonso did not present evidence of damages outside of Mr. Badnell's spousal support calculation that would have supported the jury's award of $550,000.  Thus, in order for the jury to have reached the damages award that it did, the jury necessarily relied upon Mr. Badnell's testimony regarding the spousal support damages.  In the absence of Mr. Badnell's testimony regarding spousal support damages, the jury's damages award was excessive.  *Compare Karnitis v. Kouskouris*, 10th Dist. Franklin No. 75AP-169, 1975 WL 181879, \*4 (Oct. 30, 1975) (The reviewing court considered all of the damages and whether the amount of the verdict was excessive when evaluating the prejudicial effect of an evidentiary error.).  Accordingly, Mr. Badnell's testimony had a substantial effect on the verdict, and we cannot say that the jury would probably have reached the same damages award without Mr. Badnell's testimony regarding the calculation of lost spousal support damages.

{¶49}  Lastly, while the jury was instructed that closing arguments were not evidence, the error in admitting Mr. Badnell's testimony as to the damage calculations for lost spousal support was compounded when Ms. Alonso asked the jury to follow Mr. Badnell's inadmissible testimony. As addressed above, Ms. Alonso relied solely upon Mr. Badnell's testimony regarding the calculation of lost spousal support damages.  This fact was highlighted in her closing argument. Three separate times, Ms. Alonso pointed out that Mr. Badnell was the only witness who testified

as to what amount of spousal support Ms. Alonso should have received. She also reminded the jury that Ms. Thomas' expert "never came here and said what amount of * * * spousal support was a reasonable amount under the law[]" and "the only competent evidence in this case is what Mr. Badnell said about what the [spousal support] number should have been." Additionally, while the damages chart Ms. Alonso used in closing argument was not an exhibit submitted to the jury, it nonetheless served to further emphasize Mr. Badnell's inadmissible testimony. Ms. Alonso's closing argument reinforced the prejudicial effect of Mr. Badnell's inadmissible testimony. *See Johnson v. Abdullah*, 1st Dist. Hamilton No. C-180309, 2019-Ohio-4861, ¶ 31.

{¶50} Based upon the foregoing, we conclude that the trial court abused its discretion when it denied Ms. Thomas' motion to strike, refused to give a curative instruction, and thereby allowed the testimony of Mr. Badnell regarding the damage calculations for lost spousal support to stand and be used by Ms. Alonso in closing argument. We further conclude that Ms. Thomas was materially prejudiced by these evidentiary errors and remand this matter for a new trial on damages.

{¶51} Ms. Thomas' first assignment of error is sustained.

### MS. THOMAS' ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED WHEN IT DENIED [MS.] THOMAS' MOTIONS FOR DIRECTED VERDICT AND FOR JUDGMENT NOTWITHSTANDING THE VERDICT BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT [MS.] ALONSO'S ALLEGED DAMAGES AS TO SPOUSAL SUPPORT, AN ESSENTIAL ELEMENT[] OF HER CLAIM.

{¶52} Ms. Thomas contends that the trial court erred when it denied her motion for directed verdict and motion for judgment notwithstanding the verdict because Ms. Alonso failed to present sufficient evidence of damages relative to spousal support. We disagree.

{¶53} A party may move for directed verdict upon the "opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence." Civ.R. 50(A)(1). A motion for directed verdict shall be granted when, having construed the evidence most strongly in favor of the nonmoving party, the court concludes that reasonable minds could only reach one conclusion upon the evidence submitted and that conclusion is adverse to the nonmoving party. Civ.R. 50(A)(4). If the party opposing the motion for a directed verdict fails to present evidence on one or more of the essential elements of a claim, a directed verdict is proper. *Hargrove v. Tanner*, 66 Ohio App.3d 693, 695 (9th Dist.1990). Conversely, the motion must be denied when there is substantial competent evidence supporting the position of the nonmoving party and reasonable minds might reach different conclusions. *Hawkins v. Ivy*, 50 Ohio St.2d 114, 115 (1977). "The 'reasonable minds' test of Civ.R. 50(A)(4) calls upon the court only to determine whether there exists any evidence of substantial probative value in support of that party's claim." *Ruta v. Breckenridge-Remy Co.*, 69 Ohio St.2d 66, 69 (1982).

{¶54} After a court enters judgment on a jury's verdict, a party may file a motion for judgment notwithstanding the verdict to have the judgment set aside on grounds other than the weight of the evidence. *See* Civ.R. 50(B)(1). "The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for directed verdict." *Posin v. A.B.C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271, 275 (1976). *See Williams v. Spitzer Auto World, Inc.*, 9th Dist. Lorain No. 07CA009098, 2008-Ohio-1467, ¶ 9, citing *Osler v. Lorain*, 28 Ohio St.3d 345, 347 (1986).

{¶55} Both a motion for directed verdict and a motion for judgment notwithstanding the verdict test the legal sufficiency of the evidence, and not the credibility of the witnesses or the weight of the evidence. *Ruta* at 68 (directed verdict); *Posin* at 275 (judgment notwithstanding the

verdict). *Accord Hinckley Roofing, Inc. v. Motz*, 9th Dist. Medina No. 04CA0055-M, 2005-Ohio-2404, ¶ 20. While it is necessary to review the evidence, a motion for directed verdict and a motion for judgment notwithstanding the verdict do not present factual issues, but rather questions of law which we review de novo. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, ¶ 4, quoting *O'Day v. Webb*, 29 Ohio St.2d 215 (1972), paragraph three of the syllabus and citing *Cleveland Elec. Illum. Co. v. Pub. Util. Comm. of Ohio*, 76 Ohio St.3d 521, 523 (1996) (directed verdict); *Williams* at ¶ 9, citing *Goodyear* at ¶ 4 and *Osler* at 347 (judgment notwithstanding the verdict). *See Hinckley* at ¶ 20.

{¶56} A claim for legal malpractice requires the plaintiff to prove the following: "(1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Vahila v. Hall*, 77 Ohio St.3d 421 (1997), syllabus. Ms. Thomas only challenges the sufficiency of the evidence regarding the spousal support damages. We shall limit our review accordingly.

## Directed Verdict

{¶57} Ms. Thomas argues that the trial court erred in denying her motion for directed verdict as it related to Ms. Alonso's spousal support damages in her legal malpractice claim. Ms. Thomas has forfeited this argument.

{¶58} "[A] motion for directed verdict which is denied at the close of the plaintiff's evidence must be renewed at the close of all evidence in order to preserve the error for appeal." *Chem. Bank of New York v. Neman*, 52 Ohio St.3d 204, 206 (1990), citing *Helmick v. Republic-Franklin Ins. Co.*, 39 Ohio St.3d 71, 74 (1988). *Accord Warren v. Denes Concrete, Inc.*, 9th Dist. Lorain Nos. 08CA009414, 08CA009422, 2009-Ohio-2784, ¶ 30. The record reflects that Ms.

Thomas raised a motion for directed verdict regarding damages, including spousal support damages, at the close of Ms. Alonso's evidence. The motion was granted as to the damages related to the appointment of a receiver and the sale of the real estate, and was denied as to all other damages. At the close of all of the evidence, Ms. Thomas did not renew the motion for directed verdict, and thereby failed to preserve for appeal the trial court's denial of the motion for directed verdict. *See Chem. Bank* at 207; *Warren* at ¶ 30. Accordingly, Ms. Thomas' argument regarding the trial court's denial of her motion for directed verdict is not properly before this Court.

### Judgment Notwithstanding the Verdict

{¶59} Ms. Thomas presents the same sufficiency argument for both the motion for directed verdict and the motion for judgment notwithstanding the verdict. A motion for judgment notwithstanding the verdict may be filed regardless of whether a motion for directed verdict was raised or denied. *See* Civ.R. 50(B)(1). Thus, by filing a motion for judgment notwithstanding the verdict, Ms. Thomas has preserved her sufficiency challenge to the spousal support damages despite her failure to renew her motion for directed verdict. *See O'Donnell v. Northeast Ohio Neighborhood Health Servs., Inc.*, 8th Dist. Cuyahoga No. 108541, 2020-Ohio-1609, ¶ 70, citing Civ.R. 50(B)(1).

{¶60} Ms. Thomas asserts that a judgment notwithstanding the verdict is proper in this instance because the trial court erred in admitting Mr. Badnell's testimony regarding spousal support damages and without Mr. Badnell's inadmissible testimony, there was no evidence of spousal support damages which was a "necessary element of [Ms. Alonso's] legal malpractice claim as to spousal support." Ms. Thomas' arguments are not well taken.

{¶61} While Ms. Thomas purports to challenge the sufficiency of the evidence regarding the spousal support damages, she is actually challenging the admissibility of Mr. Badnell's

testimony and arguing that the testimony should not be considered when ruling on the motion for judgment notwithstanding the verdict. A motion for judgment notwithstanding the verdict does not address issues regarding the competency or admissibility of the evidence. *Kenny v. Metro. Life Ins. Co.*, 82 Ohio App. 51, 55-56 (1st Dist.1948). Rather, this motion "challenges the sufficiency of the foundation upon which the verdict was returned, which, of course, is all the evidence which the jury was permitted to consider." *Id.* at 56. *See Ellis v. Moore*, 70 Ohio Law Abs. 574, 575 (2d Dist.1953) (A motion for judgment notwithstanding the verdict "tests the probative sufficiency of the evidence *received*."). (Emphasis in original.) Thus, a trial court may not, on a motion for judgment notwithstanding the verdict, eliminate or disregard evidence on the ground that it was improperly received at the trial and then grant the motion on the basis of the diminished record. *See Wray v. Mast*, 5th Dist. Tuscarawas No. 92AP120087, 1993 WL 500339, *2 (Nov. 24, 1993) (It is error to submit evidence to the jury and then, post-verdict, belatedly strike that evidence and grant a judgment notwithstanding the verdict on that basis.); *Kenny* at 56 (held that "the court was not justified in disregarding any of the testimony of the physicians which had been received in evidence, in passing upon the motion for judgment notwithstanding the verdict"). The proper mechanism to address error related to the improper admission of the evidence is a motion for new trial, not a motion for judgment notwithstanding the verdict. *See Wray* at *2, fn. 1; *Ellis* at 575. Accordingly, Ms. Thomas' arguments regarding the admissibility of Mr. Badnell's testimony and the exclusion of his testimony when evaluating the sufficiency of the spousal support damages have been improperly raised via a motion for judgment notwithstanding the verdict.

{¶62} Further, Ms. Thomas is only seeking a reversal of the trial court's order denying her motion for judgment notwithstanding the verdict as to Ms. Alonso's "spousal support legal

malpractice claim" because of a lack of damages. Contrary to Ms. Thomas' argument, there was no verdict for Ms. Alonso's "spousal support legal malpractice claim," but rather a $550,000 general verdict in favor of Ms. Alonso on her legal malpractice claim. Spousal support is merely one of the elements of the damages sought. When there is sufficient evidence as to one or more elements of damage, insufficient evidence as to another element of damage does not warrant a judgment notwithstanding the verdict. *See Culp v. Federated Dept. Stores, Inc.*, 11 Ohio App.2d 165, 169 (2d Dist.1965).

{¶63} Ms. Alonso presented evidence of damages for excessive attorney fees, costs to retain additional counsel, and loss of marital assets. Ms. Thomas does not challenge the sufficiency of the evidence of those damages, nor does she argue that there was no evidence of any damages. Ms. Thomas only argues that there was no evidence of spousal support damages. In light of the sufficient evidence of other damages, Ms. Thomas is not entitled to a judgment notwithstanding the verdict. *See Culp* at 169.

{¶64} Lastly, Ms. Thomas argues that by "fail[ing] to prove every element of [the] legal malpractice claim as to spousal support, there is no justification for the jury's damages award of $550,000 ($400,000 of which was presented to the jury * * * as being spousal support damages * * *)[.]" This argument challenges the amount of the jury's damage award as being excessive. However, this Court has consistently held an excessive damages award may not be challenged by way of a motion for judgment notwithstanding the verdict. *Tesar Indus. Contrs., Inc. v. Republic Steel*, 9th Dist. Lorain Nos. 16CA010957, 16CA010960, 2018-Ohio-2089, ¶ 30, quoting *Desai v. Franklin*, 177 Ohio App.3d 679, 2008-Ohio-3957, ¶ 25 (9th Dist.) and citing *Magnum Steel & Trading, LLC v. Mink*, 9th Dist. Summit Nos. 26127 and 26231, 2013-Ohio-2431, ¶ 44 and *Catalanotto v. Byrd*, 9th Dist. Summit No. 27302, 2015-Ohio-277, ¶ 9. Instead, a claim that the

evidence fails to support the damages award is appropriately raised in a motion for new trial. *Jemson v. Falls Village Retirement Community, Ltd.,* 9th Dist. Summit No. 20845, 2002-Ohio-4155, ¶ 17.

{¶65} In light of the forgoing, we conclude Ms. Thomas has failed to assert a proper sufficiency argument. Therefore, the trial court did not err in denying Ms. Thomas' motion for judgment notwithstanding the verdict.

{¶66} Ms. Thomas' second assignment of error is overruled.

### MS. THOMAS' ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED WHEN IT DENIED [MS.] THOMAS' MOTION[] FOR A NEW TRIAL BECAUSE NUMEROUS PROCEDURAL IRREGULARITIES PREVENTED [MS.] THOMAS FROM HAVING A FAIR TRIAL.

### MS. THOMAS' ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED WHEN IT GRANTED [MS.] ALONSO'S MOTION[] FOR PREJUDGMENT INTEREST BECAUSE [MS.] ALONSO FAILED TO MEET HER BURDEN OF PROOF.

### MS. ALONSO'S ASSIGNMENT OF ERROR IN HER CROSS APPEAL

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING A PROVISIONAL NEW TRIAL IF [MS. ALONSO] DID NOT ACCEPT A LARGE REMITTITUR OF THE FULLY SUPPORTED JURY VERDICT.

{¶67} Ms. Thomas' third assignment of error argues that the trial court erred when it denied her motion for a new trial[7] due to procedural irregularities and ordered a remittitur. In her fourth assignment of error, Ms. Thomas argues that Ms. Alonso's motion for prejudgment interest

---

[7] Ms. Thomas argues for a new trial, but fails to specify the scope of the new trial. Her evidentiary challenges relate only to the issue of damages. Ms. Thomas has failed to make an argument in support of a new trial as to all issues, and we will not create an argument on her behalf. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

should have been denied because she failed to meet her burden of proof to support an award for prejudgment interest. In her cross appeal, Ms. Alonso argues that the trial court erred in granting Ms. Thomas a new trial on damages and ordering a remittitur. We decline to reach the merits of each of these assignments of error as they have been rendered moot by this Court's disposition of Ms. Thomas' first assignment of error. *See* App.R. 12(A)(1)(c).

### III.

**{¶68}** Ms. Thomas' first assignment of error is sustained, her second assignment of error is overruled, and her third and fourth assignments of error are moot. Ms. Alonso's assignment of error in her cross appeal is moot. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded to the trial court for a new trial on damages.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

 

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

TIMOTHY D. JOHNSON, GREGORY E. O'BRIEN, and ROBERT A. WEST, JR., Attorneys at Law, for Appellants/Cross-Appellees.

BRENT L. ENGLISH, Attorney at Law, for Appellee/Cross-Appellant.