[Cite as *Preston v. Thornton*, 2021-Ohio-1178.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| KEVIN PRESTON | | C.A. No. 29771 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JONATHAN THORNTON | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CVG02188 |

DECISION AND JOURNAL ENTRY

Dated: April 7, 2021

CALLAHAN, Judge.

{¶1}    Appellant, Jonathan Thornton, appeals a judgment of the Akron Municipal Court that ordered a writ of restitution to issue.  This Court affirms.

I.

{¶2}    Mr. Thornton's landlord filed an action in forcible entry and detainer that sought to evict him from his apartment because he had not paid his rent.  Service of the complaint was accomplished by certified U.S. mail on April 9, 2020.  On May 6, 2020, the trial court sent notice of a case management conference to the parties along with an explanation that the conference would take place by videoconference and instructions for participating by video or by telephone. The record indicates that Mr. Thornton did not participate in the case management conference.  On May 21, 2020, the trial court sent notice to the parties that the case would be heard on June 8, 2020, by videoconference.  Mr. Thornton, however, indicated that he was not willing to participate in a hearing conducted in that manner.  Both parties appeared in a hearing before a magistrate, who

noted that Mr. Thornton did not dispute that he had failed to pay the rent. The magistrate concluded that the writ should be allowed but dismissed the landlord's second cause. The trial court adopted the magistrate's decision and ordered the writ to issue. A writ of restitution issued on June 17, 2020, but the record does not yet reflect return of the writ.[1]

{¶3}     Mr. Thornton filed this appeal, raising two assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

[THE] [W]RIT OF EXECUTION FOR "FORCIBLE ENTRY AND DETAINER" EXERCISED AGAINST THE APPELLANT [WAS] IN VIOLATION OF ARTICLE I, SECTION V OF THE OHIO CONSTITUTION.

{¶4}     In his first assignment of error, Mr. Thornton argues that the trial court's judgment must be reversed because he did not receive a trial by jury. This Court disagrees.

{¶5}     A jury trial is required in forcible entry and detainer cases if requested by either party. *Fodor v. First Natl. Supermarkets, Inc.*, 63 Ohio St.3d 489, 492 (1992), citing R.C. 1923.10. *See also Showe Mgmt. Corp. v. Mountjoy*, 12th Dist. Clinton No. CA2019-06-012, 2020-Ohio-2772, ¶ 14; *Nenadal v. The Landerwood Co.*, 8th Dist. Cuyahoga No. 65428, 1994 WL 189375, *2 (May 12, 1994); *Lable and Co. v. Francis*, 7th Dist. Jefferson No. 89-J-39, 1991 WL 24982, *1 (Feb. 22, 1991); *Admr. of Veteran's Affairs v. Popovich*, 9th Dist. Lorain No. 3761, 1985 WL 11082, *1 (July 3, 1985). *Compare Pernell v. Southhall Realty*, 416 U.S. 363 (1974) (holding that the Seventh Amendment's right to a jury trial applies in statutory forcible entry and detainer actions). When a party does not demand a trial by jury under R.C. 1923.10, the right to a jury trial

---

[1] At various points during 2020, a moratorium on evictions was imposed in response to the COVID-19 pandemic. Mr. Thornton makes no argument regarding his eligibility for or the applicability of any such moratorium. Further, as noted above, the docket does not indicate return of the writ of execution.

is considered to have been waived.  *Showe Mgmt. Corp.* at ¶ 14, citing *Nenadal* at *2; *Popovich* at *1.

{¶6}    Mr. Thornton was properly served with the complaint for forcible entry and detainer in this case, but he did not demand a trial by jury.  By failing to do so, he waived that right.  *See Showe Mgmt. Corp.* at ¶ 14, citing *Nenadal* at *2; *Popovich* at *1.  His first assignment of error is, therefore, overruled.

### ASSIGNMENT OF ERROR NO. 2

[THE] [W]RIT OF EXECUTION FOR "FORCIBLE ENTRY AND DETAINER"
WAS EXERCISED AGAINST THE APPELLANT IN VIOLATION OF THE
14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.

{¶7}    Mr. Thornton's second assignment of error argues that the trial court's judgment violated the constitutional guarantee of equal protection.  Mr. Thornton has not developed a constitutional argument, however, and this Court cannot construct one on his behalf.  *See Alonso v. Thomas*, 9th Dist. Lorain No. 19CA011483, 2021-Ohio-341, ¶ 67 fn. 7, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).  To the extent that Mr. Thornton appears to argue that there are constitutional deficiencies in the trial court's use of videoconferencing technology, this Court notes that the trial court encouraged, but did not require, participation by videoconference.  The record also indicates that Mr. Thornton did not agree to do so, and it appears that the trial court conducted an in-person hearing.

{¶8}    Mr. Thornton's second assignment of error is overruled.

### III.

{¶9}    Mr. Thornton's assignments of error are overruled.  The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JONATHAN THORNTON, pro se, Appellant.

KEVIN PRESTON, pro se, Appellee.